NEW YORK,
May, 1826.

Frost
v.
Everett.

FROST and SMITH *against* EVERETT.

ASSUMPSIT on an agreement in writing, dated June 20th, 1820, by which the defendant, for value received, promised to pay the plaintiffs on demand, 448 gallons of whiskey; tried at the Onondaga circuit, July 1823, before THROOP, C. Judge.

The defendant set up, as a defence, and proved, though the evidence was objected to, that before the written agreement was executed, he had become surety with the plaintiffs for a considerable debt due by them in New York, which had since, and after the assignment of the agreement, been collected of him; that when the agreement was given, he objected, on account of his being holden to pay debts for the plaintiffs in New York; but they both replied that they would not dispose of the agreement or call for the whiskey, till the New York debts were settled by them. The defendant then signed the agreement; and, after signing it, they repeated the declaration; but afterwards, being insolvent, assigned the agreement to T. H. & A. Leggett, who demanded the whiskey before the defendant had paid the plaintiffs' notes. The defendant had given notice with the general issue, that he would prove the agreement to enlarge the time; but stated that it was made on the 1st November, 1820, without a *videlicet*. The judge directed the jury to find for the defendant, on the ground of the parol agreement; which they did accordingly.

*J. A. Collier* moved for a new trial. He cited 4 John. 450, and note to the new ed.; 8 John. 189; 1 Phil. Ev. 433, 437; 1 Cowen, 249.

*D. Cady*, contra, cited 20 John. 361; 1 John. Cas. 22; 3 John. 528, 287; 1 Cowen, 250; 1 Chit. Pl. 258, 472; 2 Str. 806; 10 Mod. 313; 1 Cowen, 674; 13 John. 56; 15 John. 231; 4 Taunt. 163.

A parol agreement to enlarge the time of the delivery of articles, promised in writing to be delivered on demand; made at the time of, or before executing the written contract, though repeated immediately afterwards, is no defence to an action on the contract brought before the time to which the parol agreement related. Such parol agreement is void, though for a valuable consideration.

A valid agreement to enlarge the time of performing a contract may be given in evidence under the general issue.

But if a plea or notice were necessary, the defendant is not confined to the precise day at which he states the agreement to enlarge, to have been made.

NEW YORK,     *Curia*, per SUTHERLAND, J. The agreement on the
May, 1826.    part of the plaintiffs, not to dispose of, or call for the payment

Frost         of the note on which this suit was brought, until the New-
v.            York debts, for the payment of which the defendant had
Everett       become security for the plaintiffs, were settled, was made
              at the time of giving the note. It was not a *subsequent*
              agreement to enlarge the time of payment. The defendant
              objected to giving the note, on the ground that he was hol-
              den for the New York debts ; the plaintiffs then declared
              that they would not dispose of, or call for payment of this
              note, until the New York debts were settled ; upon which
              the defendant signed the note ; and after he had signed and
              delivered it, the plaintiffs reiterated the declaration that they
              would not dispose of, or call for payment of the note. This
              was all one transaction. The agreement to enlarge the
              time of payment, was, in fact, made before the note was
              given. The subsequent declarations of the plaintiff, made
              during the same conversation, was merely an acknowledg-
              ment, that such was the agreement made between the par-
              ties. The evidence should have been rejected. (1 John.
              Cas. 22. 3 John. 528. 1 Cowen, 250, and the cases there
              cited.)

              The defendant was not confined to the precise day stated
              in the notice. The day was not material, provided it was
              subsequent to the original contract. (1 Chit. Pl. 258.)

              Evidence of an enlargement of the time of performance
              is admissible under the general issue. It shows that the
              plaintiffs, at the time of suit brought, had no cause of action.
              (1 Chit. Pl. 472. 13 John. 56. 15 John. 231. 4 Taunt.
              163. 1 John. Cas. 22. 3 John. 528.)

              A new trial must be granted on the first ground.

                                              New trial granted.