PEARL *vs.* WELLS.

Where the holder of a note over due, for a valid consideration agrees not to sue the debtor for a limited time, and in violation of such agreement commences a suit on the note before the expiration of the time agreed on, the remedy of the debtor is to set up such agreement *by way of defence* to the action ; he cannot sustain an action on his part for a violation of the agreement.

ERROR from the supreme court. On the *second* day of February, 1824, in consideration of Pearl paying the costs of a suit commenced against him by Wells, and also paying Wells $8, the amount of an account demanded by him, the justice of which Pearl denied, Wells agreed to delay payment on a note of $30, which he held against Pearl, due in 1820, and not to sue on the same *for five months*. In violation of this agreement, Wells, *nine days* after the agreement, commenced a suit before a justice on the note. Pearl pleaded the agreement in bar, and on the trial before the justice, offered to prove it ; which evidence was objected to by Wells, and excluded by the justice, who gave judgment for Wells for the amount of the note. Pearl appealed to the Washington common pleas, where it was decided that the agreement was no bar to the suit, that the remedy of Pearl was by action, and judgment was given for Wells for the amount of the note. Pearl thereupon commenced a suit before a justice, declaring on the agreement and claiming damages ; Wells pleaded the general issue and the former suit by him against Pearl, averring that in such suit the present demand of Pearl was or ought to have been set off ; Pearl recovered $31,21 damages, and Wells appealed to the Washington common pleas. On the trial in the C. P. the above facts appeared, and the defendant Wells insisted on the former trial and judgment on the note as a bar to the action ; the C. P. decided that such trial and judgment formed no bar to the plaintiff's recovery ; and the jury found a verdict in favor of Pearl for $12,50, for which sum judgment was rendered. Wells, on a bill of exceptions, sued out a writ of error to the

supreme court, where the judgment of the C. P. was reversed, and a *venire de novo* awarded; whereupon Pearl sued out a writ of error to this court. The following is the opinion delivered in the supreme court:

" *By the Court,* SUTHERLAND, J. The only question in this case is whether the plaintiff's cause of action was barred by the former suit between the same parties. The court below held that it was not; to which decision the defendant below, the plaintiff in error, excepted. If the agreement, upon which this suit is founded, was a valid defence to the suit brought by Wells upon the note, then, although it was offered as a defence and improperly overruled by the court, still it cannot be the foundation of a new action. The erroneous decision of the court should have been corrected by writ of error. 9 *Johnson,* 232.

" The agreement of Wells to postpone the collection of Pearl's note for five months was supported by a good consideration. It was the payment by Pearl of an account of Wells against him of eight dollars, the justice of which was denied by Pearl. The consideration was the settlement and payment of a *disputed account,* the avoiding of the expense and delay of a lawsuit. This was clearly sufficient to support the promise to extend the time of payment of the note, and was not usurious. The damages for the breach of this agreement could not have been off-set in the suit upon the note. They were not an existing demand at the commencement of that suit; that is necessary to authorize an off-set, 8 *Johnson,* 470. But I do not perceive why the agreement was not a perfect defence to the suit upon the note. The case of *Keating* v. *Price,* 1 *Johns. Cas.* 22, decided that the time of performance of a written contract may be enlarged by parol, and in that case the plaintiff prevailed upon the plea of the general issue; it appearing that the suit was commenced before the expiration of the enlarged time. It is true that was not a contract for the payment of money, but a special contract for the delivery of a quantity of staves; but the principle must be equally applicable to both classes of cases. In *Flemming* v. *Gilbert,* 3 *Johnson,* 528, the same principle was ap-

plied to the case of a bond, and a parol agreement to enlarge the time of performance of the condition was sustained. 1 *Cowen*, 249. 3 *Campb.* 57.

"The agreement of Wells in this case to postpone the payment of the note for five months, is to have the same effect as though it had been a part of the original contract, and shows that the plaintiff had no cause of action when his suit was commenced. It was a perfect defence to the suit upon the note, and the court of common pleas erred in excluding it; but Pearl, the then defendant, having submitted to that decision instead of resorting to his bill of exceptions and writ of error, cannot now sustain an original action for the violation of that agreement. The case of *White* v. *Ward & Aylesworth*, 9 *Johnson*, 232, is decisive on this point.

"The court below therefore erred in deciding that the former suit was not a defence to this action, and the judgment must be reversed."

*D. Russell,* for the plaintiff in error. The agreement was supported by a good and valid consideration, and was therefore the foundation of an action. An agreement suspending the time of payment of a debt, is no defence to an action for the recovery of the debt, but gives the party a right of action against the promissor or covenantor. 4 *Mass. R.* 414. 1 *Cowper,* 47. 8 *Johns. R.* 192. The case of *White* v. *Ward,* 9 *Johns. R.* 232, cited in the opinion of the supreme court, is distinguishable from the present case. There the defendant had a perfect defence to the action, of which he omitted to avail himself, and it was correctly held that he should not be allowed to turn round and sue the plaintiff for the matter which he might and ought to have set up in defence to the action against him.

*S. Stevens,* for defendant in error. The agreement was a good defence to the action on the note. 3 *Camp.* 57. 1 *Johns. C.* 22. 1 *Cowen,* 249. Having omitted to avail himself of such defence, the party is precluded from subsequently making it the foundation of an action either at law or in equity. *Prec. in Ch.* 221. 3 *Atk.* 224. 1 *Vern.* 176. 2 *Cas. in Ch.*

95. 7 *T. R.* 269. 1 *Johns. C.* 136. 8 *Johns. R.* 453. 9 *id.* 232, 244. 12 *id.* 346. Although the court of C. P. erred in excluding the defence when offered, the judgment in the first suit, until reversed, is a bar to the subsequent suit. 7 *T. R.* 269. 1 *Johns. C.* 136. 8 *Johns. R.* 453. 14 *id.* 377. 3 *Cowen,* 125. A suit cannot be sustained upon facts which constitute only a defence to an action. 7 *T. R.* 269. 12 *Johns. R.* 346, 374.

*Russell,* in reply. When it is in the power of a defendant to defeat an action by matter of defence, and it is solely matter of defence, if he omits to avail himself of it, he is precluded from subsequently bringing an action; but where what might be interposed as matter of defence affords a substantive cause of action, it is in the election of a party whether he will take one course or the other. The agreement gave Pearl a substantive cause of action the moment it was violated. He set it up as a defence and it was rejected, not because it was unsupported by proof, but because it was deemed inadmissible as a defence. Such rejection did not deprive him of his right of action, nor of his claim to damages for its violation; he was entitled to recover back the consideration paid, and the costs to which he was improperly subjected.

The following opinion was delivered:

By the CHANCELLOR. The defendant Wells, for a good and valuable consideration, agreed with the plaintiff Pearl to wait upon him for the payment of a note then due for the period of five months from the date of the agreement. A few days after, he brought a suit on the note, and this agreement was set up by way of defence; it was overruled by the court, and the amount of the note was recovered against Pearl. The latter then brought this suit for a breach of the agreement, and recovered in the court of common pleas of Washington county. On a writ of error to the supreme court the judgment was reversed, on the ground that the agreement did not form a substantive ground of action, and was available only as a defence to a suit on the note until the expiration

of the time fixed by the agreement. The correctness of this latter decision is the only question which arises on this writ of error.

The counsel for the plaintiff in error has argued this cause upon the supposition that the agreement on which his suit was brought was a *promise* on the part of the defendant not to sue the plaintiff on the $30 note, for the term of five months. If he was correct in this construction of the contract, it probably could not have been pleaded in bar to the suit on the note, as a personal action once suspended by the voluntary act of the party is forever gone. It would in that case operate as a release of the debt, contrary to the intention of the parties. For this reason a covenant never to sue the sole party liable to an action operates as a release to avoid circuity of action, but a covenant not to sue within a limited period cannot be pleaded in bar of the action, but the defendant must seek his remedy by an action on his covenant. *Cuyler* v. *Cuyler*, 2 *Johns. R.* 186. *Harrison* v. *Wilcox and Close*, id. 443. Thus in the case of *Dowse* v. *Jefferies*, 1 *And. Rep.* 307, where to an action on an obligation the defendant pleaded that by an agreement under seal since the making of the obligation, the plaintiff covenanted not to sue or molest the defendant on the obligation before the feast of St. John the Baptist, in 1590, the court held this was no bar to the action, but that the defendant might recover damages on the covenant, if he was sued before that time. The same point was recently decided by the supreme court of Massachusetts, in the case of *Perkins* v. *Gilman*, 8 *Pick. Rep.* 229. But if the obligee covenants not to sue for a limited period, and that if a suit is brought within that time the obligation shall be *void*, such covenant may be pleaded as a bar to the suit, if brought before the expiration of the time limited. 3 *D'Anver's Abr.* 426. *J. Bridg. Rep.* 117.

The agreement as proved in this case, however, was an agreement to extend the time of payment of the note for the period of five months; being founded on a good consideration it was binding and operative, and suspended the right of action on the original contract until default should be made

in the payment thereof at the expiration of the five months; and even if it had been a bond with a penalty it would have operated as a defeasance thereof, and might have been pleaded in bar of an action brought within that time. 3 *Johns. R.* 528. 1 *Johns. Cas.* 22. *Cro. Eliz.* 623. *J. Bridg. R.* 117. As this was the legal effect of the promise, it was the duty of the maker of the note to set it up by way of defence to that action. If he established the fact of the extension of the time of payment, and the court improperly rejected that defence, his only remedy was by a writ of error in the original cause to reverse that decision. As the party was entitled to the full benefit of the agreement, by way of defence to the action on the note, he cannot make it a substantive ground of recovery in this suit. 9 *Johns. R.* 244. 12 *id.* 374. It is not necessary, therefore, to enquire whether the decision in the first suit was conclusive evidence that no such agreement, as was attempted to be established in this suit, was in fact made.

In my opinion the judgment of the supreme court was correct, and should be affirmed.

All the members of the court, except Senators ALLEN and REXFORD, being of opinion that the judgment of the supreme court ought to be affirmed, it was accordingly, by a vote of 14 to 2, *affirmed.*