Watson v. Randall.

## Watson vs. Randall.

An agreement to *forbear to sue* a debtor is a good consideration for the promise of a third person to pay the debt; but to render the promise obligatory, it must be *in writing*.

Whilst the debt *remains a subsisting demand* against the original debtor, the promise of the third person is collateral and must be *in writing. See comments upon the case of Farley v. Cleveland,* reported in 4 *Cowen,* 442, and 9 *Id.* 639.

Error from the Tompkins common pleas. Randall sued Watson in a justice's court on a promise made by him, *that if the plaintiff would not sue* Mrs. Thomas, the mother of the defendant, for the recovery of a debt which she owed to him, that he would pay the debt by a certain day. At the time of the making of the promise, the plaintiff threatened to proceed against the mother of the defendant by *attachment,* having been informed that she had absconded, and that property belonging to her was in the possession of the defendant. The plaintiff being a non-resident, a short summons was issued, which was returned *personally* served. On the day of its return, the plaintiff appeared, but the defendant did not. The plaintiff declared, and the cause was adjourned to a future day, when witnesses were called and sworn on the part of the plaintiff, who proved the indebtedness of the mother of the defendant, and the defendant's promise as above stated, and that he on his part *promised not to sue the defendant's mother,* but that he would *look to the defendant for*

Vol. XX. 13

*the payment of the debt.* The justice rendered judgment for the amount of the plaintiff's demand, which judgment was affirmed by the Tompkins common pleas. The defendant sued out a writ of error.

*G. G. Freer & S. Love,* for the plaintiff in error, insisted that the promise was void within the statute of frauds. The liability of the original debtor remained, and she could not avail herself of the plaintiff's promise; the promise of the defendant therefore was collateral, and to be binding, should have been in writing.

*W. H. Shankland,* for the defendant in error, contended that the promise *not to sue,* being indefinite and not for a limited time, was equivalent to a *release,* and was therefore a valid consideration for the defendant's promise. 1 *Rolle's Abr.* 27, *pl.* 45. 1 *Comyn on Cont.* 51. 2 *Id.* 421. 19 *Johns. R.* 129. 6 *Wendell,* 471. If so, it was not necessary that the promise should be *in writing* to render it obligatory. Besides, it does not appear that the promise was by *parol,* and the court will intend in support of the judgment that it was *in writing.* 7 *Johns. R.* 99. 8 *Id.* 148. Even though the debt remained a subsisting demand against the original debtor, the promise of the defendant was valid and obligatory, although not in writing. *Farley* v. *Cleveland,* 4 *Cowen,* 432; affirmed on writ of error, 9 *Cowen,* 639.

*By the Court,* Nelson, C. J. The action is sought to be sustained upon the ground that the legal operation and effect of the agreement on the part of the plaintiff below was to discharge Mrs. Thomas, the original debtor; and as the demand no longer subsisted against her, the undertaking could not be said to be *for the debt of another.* If this view could be sustained, there is no difficulty in the case. 1 *Barn. & Ald.* 297. 1 *Comyn on Cont.* 59. 2 *Selw.* 621. 1 *Saund.* 211, *note* 2. But assuming (what I should be disposed to deny,) that the forbearance to sue Mrs. Thomas, according to the true construction of the agree-

ment with the defendant was to be perpetual, *the debt was still subsisting* as to her, as it is clear she could not avail herself of the agreement by way of defence, not having been a party to it.

A *covenant*, and perhaps a valid *parol promise*, never to sue a *sole* covenantor or promissor, may be pleaded in bar of the action by way of release, upon the principle of avoiding circuity of action ; for if a suit be allowed, a cross action must be brought for a breach of the covenant to recover back the amount. The rule is founded upon the maxim of the law, that courts should so judge of contracts as to prevent multiplicity of actions ; but it does not apply where the recovery in both actions would not be equal. In such cases, it would be manifestly unjust to permit the right of action that might accrue to a defendant to recover *inferior*, to be pleaded in bar of the right to *larger* damages. *Cro. Eliz.* 352, 623. 2 *Saund.* 48, *note* 1. *Id.* 150, *note* 2. 1 *T. R.* 446. 8 *id.* 486. 6 *Wendell*, 291. *Id.* 474. 15 *Mass. R.* 112. 4 *id.* 414. 8 *Pick.* 230. 6 *Taunt.* 289. Suppose the plaintiff in this case had sued Mrs. Thomas the next day after the defendant's promise, and recovered the debt, what remedy had she against the defendant below ? Certainly none. She would but pay her own debt. And even if Thomas, the defendant below, could sustain an action at all for a breach of the agreement with him not to sue his mother, the damages could, at most, be but nominal. If the defendant had actually paid the demand, agreeably to his undertaking, and then the plaintiff had sought to recover it of Mrs. Thomas, there would be reason in the application of the principle ; for then, if the recovery was allowed, a cross action would be necessary, and the measure of damages would be equal in both cases.

The case of *Rothery* v. *Curry*, *Bull. N. P.* 281, is in point to shew that Mrs. Thomas cannot avail herself of this agreement, even if binding upon the plaintiff as between him and the defendant. There, in consideration the plaintiff would not sue A., the defendant promised to pay, &c.; this was holden to be within the statute, for no consideration was laid for the plaintiff's pro-

mise not to sue ; and if otherwise, A. *could not avail himself of the agreement, and the debt was still subsisting.* The cases are all uniform on the point, that the promise to pay, in consideration of forbearance, is within the statute. *King* v. *Wilson*, 2 *Str.* 874. *Fish* v. *Hutchinson*, 2 *Wendell*, 94. *Kirkham* v. *Martyr*, 2 *Barn. & Ald.* 613. 1 *Saund*, 211, *a.* 2 *Selw.* 622. In the case of *Kirkham* v. *Martyr*, the agreement was express that the plaintiff was not to bring an action against the son, yet the parol promise of the father was holden to be void. The cases in this court have been in conformity with the exposition of the law by the English authorities. 4 *Johns. R.* 422. 12 *id.* 291. 4 *Cowen*, 432. The two former cases are in no respect shaken by the remarks of the chief justice in the latter, upon the point in question here ; he evidently doubts the soundness of the cases upon another ground, i. e. that they might have been regarded as *original promises,* the defendants in each case having received property from the debtor as inducement to the undertaking ; but there is no intimation, nor any thing in the case from which it can be inferred, that the absolute *agreement to forbear* operated as a *discharge* of the original debtor and took the case out of the statute. Nor is such an intimation to be found in any of the cases to which I have been referred or have examined ; but the contrary has been expressly ruled, as has already appeared. See also the opinion of Chief Justice Savage, in *Smith* v. *Ives*, 15 *Wendell*, 182.

The justice of this case is very strongly with the plaintiff below, and I should be glad to support the judgment, but I am satisfied it cannot be done without overturning an unbroken series of authorities since the statute of frauds.

<div align="right">

Judgment reversed.