### Diederick Sieckman *v*. Thomas E. Allen.

An administrator, by indorsing a promissory note and delivering it before maturity for a debt contracted by the intestate's widow for necessaries furnished to her after the decease, renders himself personally liable, although in making the indorsement he adds to his name the title of administrator.

The suspension, by the creditor, in accepting the note, of his right of action against the widow, constitutes a good consideration to support the promise involved in the indorsement.

Action in the Marine Court, by an indorsee against the defendant as indorser of a promissory note, given under the circumstances stated in the opinion. The indorsement was in this form : " Thomas E. Allen, Admr." and the plaintiff sought to charge the defendant personally.

The judgment below was for the defendant, and the plaintiff appealed.

*Frederick E.* and *William A. Sealy, and Charles Cheney,* argued the following and other points :

I. The note indorsed by the maker to whose order it was payable, and by the defendant, was by the defendant delivered to the plaintiff on account of a debt due to him by Mary Carpenter. The note was dated December 11, 1850, and was delivered to the plaintiff indorsed by the defendant in January, 1851, and was not due and payable until September 14, 1851. The delivery to, and acceptance of this note by the plaintiff operated to suspend his remedy on the original debt of Mrs. Carpenter from January 1851, when he received the note, until September 14, 1851, when it became due, or in other words, it was an agreement to forbear and give day of payment on the original debt of Mrs. Carpenter, from January 1851, to September 1851. (5 Johns. R. 68 ; 8 *ib.* 390 ; *Belshaw* v. *Bush,* 2 J. Scott, 191 ; 11 Com. Bench, 191 ; English Com. Law R. 192, 204–5.

II. The case is distinguishable from a note payable on demand. Here there is no suspension of the remedy, no for-bearance. (*Crofts* v. *Beale,* 73 Eng. Com. Law R. 172 ; 2 J. Scott R. 172 ; 11 Com. Bench, 172.)

III. Forbearance is a good consideration for a promise. (20 Wend. 203–4 ; Cowen's Treatise, 2d ed. 175.)

IV. That the note with the indorsement was delivered to the plaintiff by the defendant instead of by Mrs. Carpenter makes no difference. (*Belshaw* v. *Bush,* 2 J. Scott, 191 and following ; 11 Com. Bench, 191 and following ; 73 Eng. Com. Law R. 191 and following.

V. It does not lie with the defendant to disavow his own act and say that he was not authorized by Mrs. Carpenter in pass-ing this note to the plaintiff on account of her indebtedness to him.

VI. The defendant is liable personally on his indorsement,

and not as administrator; for though he may, as administrator, give a promissory note for a debt of his intestate, and specially limit his liability to his official character, he cannot as administrator indorse negotiable paper to be put into circulation, and if he does he is personally liable. (Chitty on Bills, Phila. ed. 1826, pp. 122, 3, and 185; *King* v. *Thorn*, 1 Durnf. and East. 487 and 691; 6 Com. Law R. 200; 25 ib. 25; 5 Mass. R. 299; 6 ib. 38; 1 Henry Black. 622; Bayl. B. 62; Story on Promissory Notes, § 63; 2 Cow. R. 781; 20 Wend. R. 101.)

VII. If an executor or administrator gives his note for the debt of his testator, or intestate, and have assets, he is personally liable on the note. The giving of the note is evidence of assets. (13 Wend. R. 557; Chitty on Bills, ed. of 1826, p. 185.)

VIII. If he gives a note as executor or administrator not for a debt of his testator or intestate, it is without authority, and he is personally liable. This note was not given, indorsed, or passed for a debt of the defendant's intestate. He had no authority to bind the estate by the indorsement. It was an act beyond the scope of his official duty or authority. It was like a person assuming to act as the agent of another without authority, in which case he is personally liable. (Dunlap Paley on Agency, 371, 386, and (13); 1 Durnf. and East. 487; 3 B. and Ald. 114; 9 Serg. and Rawle, 212; 1 Denio R. 471.)

IX. The plaintiff exhibited a good cause of action to which the defendant made no valid defence. The plaintiff was entitled to judgment. The justice gave judgment for the defendant, which judgment should be reversed.

*Albert Mathews*, for the plaintiff, argued the following and other points:

I. The cases cited by the appellant to show that by the giving of a note the remedy on the original cause of action is suspended, are where the debtor's own note is given and an agreement is made to extend time of payment. The receipt here shows the whole transaction. The notes of Kimball were deposited with Sieckman as collateral security for a preëxisting

debt, and there was no consideration whatever to sustain the gratuitous indorsement of Allen. It was *nudum pactum* and void.

II. ·The cases cited to show that an administrator's indorsement is an admission of assets or binds him personally are cases of obligations concerning the estate of the intestate. In this case the administrator as such had nothing to do with the debt, and his indorsement was restrictive and nullified itself.

III. The cases cited to show that an agent failing to bind his principal binds himself, have no application. The respondent pretended to be no other than an administrator. As such he could not bind himself, or the estate he represented, to pay the debt of another without a new consideration moving to himself. Here there was none whatever.

IV. The respondent relied upon the following points in the court below, which were sustained, and he insists the judgment is right.

First. The indorser may show in a suit by the indorsee what was the real consideration passing between them, and only that can be recovered. As where a note was delivered and indorsed for $90 less than its face. (*Braman* v. *Hess*, 13 Johns. 52; *Judd* v. *Leaver*, 8 Paige, 548; *Schoonmaker* v. *Roosa*, 17 Johns. 301.)

Second. A special and restrictive indorsement, as "A. B., agent," exempts A. B. from all personal liability. (*Mott* v. *Hicks*, 1 Cow. 513; *Hicks* v. *Hinde*, 6 How. Pr. R. 1.)

Third. A promise to pay the debt of another, or on a past consideration to another without a new consideration is *nudum pactum* and void. (*Mitchison* v. *Hewson*, 7 Term R. 348; *Hughes* v. *Hughes*, ib. 350; *Ten Eyck* v. *Vanderpool*, 8 Johns. 120; 17 ib. 301; *Chaffee* v. *Thomas*, 7 Cow. 358; *Ford* v. *Adams*, 2 Barb. 349.

BY THE COURT. DALY, J.—The note in suit, which was the note of a third party, payable to his order and indorsed by him, was, before it fell due, indorsed by the defendant as administrator, and given by him to the plaintiff for a debt due the

plaintiff by the intestate's widow, for necessaries furnished to her after her husband's death.

There can be no doubt that the defendant is personally liable upon the indorsement, and that he need not be sued as administrator. (*King* v. *Thom*, 1 Term R. 487; *Childs* v. *Morris*, 2 B. and B. 460; *Thatcher* v. *Dinsmore*, 5 Mass. 299.)

An administrator or executor may indorse notes left by the intestate, or give notes himself qualifying his liability; but where, as in this case, he indorses a note and gives it for a debt contracted by the widow after her husband's death, he becomes personally liable for the payment of the note, and may be sued in his individual capacity, it being perfectly immaterial whether he indorsed it with the addition of the word administrator or not. The acceptance of the note by the plaintiff suspended his remedy on the original debt against Mrs. Carpenter (*Dean* v. *Allen*, 8 Johns. 390); and the forbearance constituted a good consideration for the defendant's indorsing the note. (*Watson* v. *Randall*, 20 Wend. 201.) * * * The judgment should be reversed.

Judgment reversed.