By the Court. Woodruff, J.
The question argued before us was, whether the agreement set up in the answer, under the circumstances therein alleged, operated to extend the time for the payment of the bond and mortgage to the 10th of August, 1855; and it seems to be conceded by the plaintiff’s counsel, that if we are of opinion that the agreement was valid and operative for that purpose, we ought to reverse the judgment.
It is important to observe further, that, although the case does not so state, it was conceded on the argument, that the understandings and agreements mentioned in the answer, (and of which proof on the trial was waived by the plaintiff,) were by parol merely, and not under seal, nor even in writing.
*204 The cause was heard and decided upon "that assumption and concession, and so as to embrace the inquiry, whether it would be competent to prove such agreements by parol, as well as whether, if proved, they could operate to affect the plaintiff’s right to a judgment.
I observe then, first, that the bond and mortgage must be deemed payable on the 17th day of May, 1855. The alleged understanding and agreement that the loan should continue for one full year, cannot be permitted to control the terms of the instruments ; these must be taken as conclusive of the actual agreement made at the time of execution and delivery thereof. And it is not insisted that the case exhibits any mistake upon which, under the pleadings herein, any reformation of this instrument is called for.
In this particular, the defendants’ answer, and the points argued by their counsel are not quite harmonious. The answer insists, that by reason of the understanding, the day of payment is, or ought to be, the 22d day of May; and that the interest paid on the 17th of May was interest which “ would be due on the 22d day of May,” and makes the payment of the five hundred dollars of principal money, and the payment of this interest five days before either were, in fact, due, the consideration upon which the plaintiff agreed to extend the time for the payment of the residue.
The defendants’ counsel, however, in his points and argument concedes, and not only concedes but claims, that the day of payment named in the condition of the bond and mortgage, must control, and that for all the purposes of this appeal, the principal and interest must be deemed to have been due on the 17th day of May, and he thereupon insists, that on that day one fall year from the making of the loan, and the delivery of the bond and mortgage had not elapsed, and, therefore, that one hundred and forty dollars of interest money was not then payable, the period during which interest had been accruing lacking just five days of six months; and that the payment of $140, on the 17th of May, when less than six months’ interest had accrued, was the consideration for the plaintiff’s agreement to extend the time of payment of the bond and mortgage to the 10th of August.
Two questions are suggested as involved in the defendants’ claim.
First. "Would a parol agreement, in consideration of the receipt *205 of the alleged excess over the interest, operate to extend the time of payment of the bond and mortgage ? for, confessedly, a payment on account of the principal then due would have been no consideration for such an agreement.
Second. Does it appear by the complaint and answer that the payment of the $140 on the 17th day of May, was a payment of more than was due, so as to constitute a consideration for a valid agreement to forbear ?
It does not appear by the case before us, in any manner, that any other sum had been paid by the defendant Bloomer, for interest, since the making of the bond which the answer avers bears date the 17th day of May, 1854, (though the money was not advanced until the 22d.) It is suggested, that we may infer that at the end of six months the defendants paid six months’ interest; and if so, that something less than six months’ further interest had accrued on the 17th of May following. We ought not, perhaps, on such an appeal, to indulge in any mere conjecture regarding the facts, but it seems quite as probable that six months from the date of the bond, (17th day of Hovember, 1854,) would be, and was in truth, taken by the parties for the adjustment of the semi-annual interest, as that they departed from the letter of the instrument by delaying the collection to the 22d, and that when at the end of six months from the date of the bond, the first payment of interest was made, any abatement which was just to the defendants, by reason of the original delay of five days in advancing the money, was adjusted as it ought to have been between the parties. In this view of the subject, it does not appear at all that the whole sum of one hundred and forty dollars, paid on the 17th of May, was not due. It was fully due for just six months’ interest, and, as conceded by the defendants’ counsel, was, by the terms of the bond, payable on that day. So also the sum of $500, paid on account of principal moneys, was confessedly due on that day.
This being conceded, there was no consideration for the agreement to forbear. The plaintiff not only did not receive more than was lawfully due, but he might have required the whole sum named in the condition of the bond. Payment by the debtor of a part of a sum already due and payable, is no legal consideration for an agreement to extend the time for the payment of the residue, or for any other agreement.
*206 On the other hand, let it be assumed, that six months’ interest was paid the previous November, without any abatement for the five days’ delay in advancing the money, so that it be taken as claimed by the defendants’ counsel, that on the 17th day of May, 1855, the whole $140 had not accrued, and that there was then an agreement, tnat the defendants should not only pay interest upon the residue of $3,500 of principal, but as a further compensation for forbearance until the 10th of August, should also pay the $140, (including therein five days’ interest, which had not accrued.) If this be taken as the real state of the case made by the answer, (and unless it be, there was no consideration for the agreement,) then plainly the agreement to extend the time of payment to August, was void for illegality—it was usurious. However small the pecuniary consideration over and above the legal interest, if there was any, it made the agreement void, and the defendants were not bound by it—neither was the plaintiff. The defendants may recover back the consideration so paid. The defendants might immediately thereafter have filed their bill, and had a decree for redemption.
The result is this, (the consideration, if any, for the alleged agreement, being, confessedly, the payment of a small excess of interest,) such agreement was either without without consideration and void for that reason, or it was made upon a usurious consideration, and, on that ground, was ineffectual.
This renders it unnecessary to consider whether, or under what circumstances a parol agreement may operate to extend the time for the payment of a bond or the performance of an agreement under seal.
As to which, see Fleming v. Gilbert, 3 J. R. 527; Keating v. Price, 1 John. Ca. 22; Latimer v. Harson, 14 J. R. 330; Dewey v. Derby, 20 J. R. 461; Erwin v. Saunders, &c., 1 Cow. 249; Frost, &c., v. Everett, 5 Cow. 497; Dearborn v. Cross, 7 Cow. 48; Bailey v. Johnson, 9 Cow. 115; Langworthy, &c., v. Nutt, 2 Wend. 587; Pearl v. Wells, 6 Wend. 291; Blood v. Goodrich, 9 Wend. 68; Delacroix v. Bulkley, 13 Wend. 71; Allen v. Jaquish, 21 Wend. 628; Eddy v. Graves, 23 Wend. 83; Nelson v. Sharp, 4 Hill, 584.
I forbear to place reliance upon the obvious doubt, whether in any aspect of the case, the circumstance, that the interest was paid five days before it became due, ought, as matter of fact, to be *207 deemed to have been regarded by the parties themselves as any consideration or motive to the alleged new agreement. The difference of only a few cents probably never was thought of by either, and even if it was paid, was no motive or inducement to the alleged agreement, and was not so regarded. Probably, if more interest was paid than was due, it was a mere inadvertence, but I have felt bound to take the facts as alleged in the answer, instead of resting upon my own inferences in this respect.
The judgment should be affirmed, with costs.