THE MECHANICS AND FARMERS' BANK OF ALBANY *vs.* WARREN J. WIXON and others.

An agreement to forbear to sue is a good consideration for the promise of a third person to pay the debt.

Although the law will not infer that any forbearance was agreed to or intended, merely because a new note was taken, for an old debt, yet when the evidence establishes that such an agreement was made in connection with the making of a note having time to run, it will hold it to be valid and binding.

The Bank of S. being indebted to the M. and F. Bank, for moneys collected for the latter bank, and having in its possession, for collection, certain notes and checks belonging to the M. and F. Bank, that bank sent its agent to the Bank of S. to demand payment of the moneys due and a return of the notes and checks. The defendants thereupon stated to said agent that the Bank of S. was embarrassed, temporarily, and requested him not to press his claim by taking legal action for the collection of the debt accrued and to accrue to the M. and F. Bank, and not to withdraw the notes and checks held by the Bank of S. for collection. The agent acceded to this request, and in consideration of his so agreeing, the defendants made and delivered their promissory note, to the agent, as collateral security for the debt due from the Bank of S. to the M. and F. Bank.

*Held* that there was a good and sufficient consideration to support this note, in the agreement of the M. and F. Bank not to press its claims against the Bank of S. for the amount of the indebtedness of the latter, and not to withdraw from the Bank of S. the paper left with it for collection.

APPEAL from a judgment entered upon the decision of the judge at the circuit. The action was brought upon a note for $4000, made by the defendants as collateral security, to secure a debt due from the Bank of Sing Sing to the plaintiff. On the 7th of November, 1860, the Bank of Sing Sing owed the plaintiff $620.46 for moneys collected for it, and held notes and checks for collection, belonging to the plaintiff, for about $787.52. It did not decisively appear in evidence when the latter were payable. They were upon different banks in the neighborhood of Sing Sing, and had all been forwarded by the Bank of Sing Sing for payment, before the 7th day of November, 1869. The payments were credited to the plaintiff, on the books of the bank, on the 2d, 8th and 9th days of November. The plaintiff sent an agent

Mechanics and Farmers' Bank of Albany *v.* Wixon.

to the Bank of Sing Sing, on the 7th day of November, to get security for the amount due to the plaintiff. After negotiations, the note in question was taken. Some conversation occurred in relation to withdrawing the collection paper which had been sent to the Bank of Sing Sing. He agreed not to withdraw the paper, and not to press the claim by suit, if security was given. The note was given under this agreement. The Bank of Sing Sing failed on the 19th of November, twelve days after the note was given.

The cause was tried before Justice GOULD, without a jury, who gave judgment for the plaintiff for $1537.74, the amount due, and which became due to the plaintiff from the Bank of Sing Sing on and subsequently to the delivery of the note; for which amount, and costs, judgment was entered. The defendant appealed from the judgment to the general term.

*R. H. Underhill,* for the appellant.

*C. B. Cochran,* for the respondent.

*By the Court,* MILLER, J. The finding of the judge that on the 8th and 9th days of November, 1860, the Bank of Sing Sing became indebted to the plaintiff in the sum of $332.52, being the amount of certain checks on said bank, and in the further sum of $375, and $80 for moneys collected by the bank, on notes forwarded by the plaintiff to said bank for collection, appears to have been warranted by the evidence in the case. The testimony establishes the foregoing facts, beyond any controversy or dispute, and the ledger of the bank proves that the plaintiff was credited with these amounts. It does not alter the fact that the bank was indebted for the amount of the checks and notes, to the plaintiff, because they were collected and the money paid to the bank. The indebtedness on account of them, to the plaintiff, still existed, and there is, therefore, no ground of exception to this finding of the judge.

I also think there was sufficient evidence to authorize the finding of the judge that the plaintiff demanded a return of the papers and notes held by the Bank of Sing Sing for collection. One of the plaintiff's witnesses testifies that he stated his business in the presence of the president, cashier and some of the directors, in the room of the bank; that it was to collect or get security for the draft and the accrued indebtedness, and to withdraw the paper of the plaintiff held for collection and which was about maturing. That he was to get gold or bank bills, or other good security, and to withdraw the collection paper. The witness also inquired what had become of the paper forwarded for collection, consisting of checks on banks in their neighborhood. There was some evidence to show a demand, and although the cashier of the Bank of Sing Sing swears that no collection paper was demanded by Mr. Olcott, yet I think his testimony means that a demand was not made formally, in so many words. Even if there is a contradiction of the witnesses upon this point, yet as there was some evidence authorizing the finding of the judge, it must be upheld, within well settled rules.

It is insisted that the note was taken by the plaintiff with full knowledge that it was an accommodation note, and that the plaintiff can not recover unless it gave a valuable consideration for it, which does not appear to have been done.

The evidence on the trial shows that the plaintiff's agent, on the 7th of November, 1860, demanded payment of the moneys due from the Bank of Sing Sing, and a return of the paper and notes which had been left for collection with said bank. The defendants then stated to the plaintiff's agent that the bank was embarrassed, temporarily, and requested him not to press his claim by taking legal action for the collection of the protested draft and other indebtedness accrued and to accrue, and not to withdraw the notes held for collection. The request of the defendants was acceded to, and in consideration of it the defendants made and delivered the note in question, to the plaintiff.

It appears to me that this agreement embraced a consideration for the note. In the first place, it was of some importance to the Bank of Sing Sing, in its crippled condition at the time, that the paper left for collection should not be withdrawn and prosecuted. This was prevented being done, by the agreement thus entered into. The plaintiff was thereby precluded from taking possession of the collection paper, and the same was suffered to remain under the control of the bank, thus preventing the plaintiff from instituting a suit or suits for the recovery of what was then due, and from exercising authority over such portion as was not due.

In the second place, the time for the payment of the original indebtedness was by this agreement extended, and until it had expired the plaintiff was precluded from bringing a suit against the Bank of Sing Sing, for its recovery. I think this was the purport and legal effect of the agreement, and would have been a good defense to a suit brought against the bank prior to the expiration of the period which the note had to run. In the interview between the plaintiff's agent and the defendants, the agent expressly stated that he came to get security and to withdraw the collection paper; and upon being asked if the plaintiff would be willing to give a month's time, he replied, a month or more, as his object was to get security. The note was then given, by the defendant. Can there be any doubt that, under these circumstances, the time for the payment of the indebtedness of the bank was extended, and that a valid and legal subsisting agreement existed, which would be a bar to any suit brought by the plaintiff, to recover the demand, until the note was due? I think not.

An agreement to forbear to sue is a good consideration for the promise of a third person to pay the debt. (*Watson* v. *Randall*, 20 *Wend.* 201. *Edwards on Bills*, 223.)

Although the law will not infer that any forbearance was agreed to or intended, merely because a new note was taken,

for an old debt, yet where the evidence establishes that such an agreement was made in connection with the making of a note having time to run, it will hold it to be valid and binding. The judge has found that there was such an agreement ; and if there was, there was a valid consideration for the note.

As there was clearly a good and sufficient consideration to support the note, in the agreement of the plaintiff not to withdraw the collection paper from the Bank of Sing Sing, and in the agreement not to press the claims against the bank for its indebtedness to the plaintiff which had accrued and was to accrue, it is not necessary to examine some other objections, taken by the defendants.

The judgment must be affirmed, with costs.

[ALBANY GENERAL TERM, May 2, 1864. *Peckham, Miller* and *Ingalls,* Justices.]