DETERMINED IN THE

# FIRST DEPARTMENT.

AT

# GENERAL TERM,

## January, 1881.

---

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant, v. LAWRENCE S. SMITH AND OTHERS, RESPONDENTS AND APPELLANTS.

*Agreement to extend loan without specifying the time — when it constitutes a sufficient consideration to support a new promise.*

In 1869, the plaintiff having caused the necessary papers to be prepared to commence an action to foreclose a mortgage given to it by the defendant Smith, the latter proposed, if the plaintiff would allow the loan to stand, to give a new mortgage to secure the payment of the sum secured to be paid by the first, together with a bond to be executed by additional parties. The plaintiff accepted this offer and the new bond and mortgage; discontinued the proceedings instituted for the foreclosure of the first mortgage, and took no further steps to collect it down to 1874, when this action was commenced to foreclose both mortgages, and to recover a judgment for any deficiency against the parties liable upon the bonds as collateral to which they were given. When the second bond and mortgage were given, no particular period or time was mentioned or agreed upon, for which the loan secured by the first mortgage was to be allowed to remain uncollected.

*Held*, that the general agreement to allow the loan to remain for the time uncollected, followed by an actual forbearance of several years, furnished a sufficient consideration to support the second bond and mortgage as between the parties thereto, although no particular period for the forbearance was agreed upon. (Brady, J., dissenting.)

Appeal from a judgment entered upon the trial of this action by the court without a jury.

This action was brought to foreclose two mortgages, one given to plaintiffs, by Lawrence Shuster Smith, individually and as executor of the last will and testament of John M. Smith, deceased.

When the cause was in this court before, on an appeal from the judgment rendered upon the trial before Mr. Justice WESTBROOK, the point was raised in behalf of these defendants, that the mortgages in the complaint mentioned did not constitute a lien on more than one equal fourth part or share of the premises therein described, and that there was error in the decision of the learned justice with reference thereto. The judgment, in that instance, was reversed at the General Term, in January, 1876. On the reversal of the judgment the cause was sent back for a new trial, and on such new trial, before Mr. Justice BARRETT, judgment was rendered in accordance with the opinion delivered at the General Term.

The court below found that the defendant, Lawrence S. Smith, as the sole surviving executor of the said last will and testament of John M. Smith, late of the city of New York, deceased, borrowed of the plaintiff, on the 4th day of April, 1868, and the said plaintiff on that day paid to him as such executor, the sum of $25,000, and he executed and delivered to the said plaintiff his bond. That on the same day, to secure the payment of the indebtedness to said plaintiffs, the defendant, Lawrence S. Smith, as executor as aforesaid, executed, duly acknowledged and delivered to the plaintiffs a mortgage. That the said mortgage was duly recorded in the office of the register of the city and county of New York, on the 4th day of April, 1868, in Liber 847 of mortgages, page 308. That on or about the 12th day of July, 1869, for the purpose of further securing the payment of the indebtedness secured by the said bond and mortgage, the said defendant Lawrence S. Smith, as sole surviving executor of the last will and testament of John M. Smith, late of the city of New York, deceased as aforesaid, and also individually, and Ann Eliza, his wife, did on that day execute, and on or about the 12th day of July, 1869, acknowledge and deliver to the said plaintiffs a mortgage whereby they in form granted, bargained and sold to the said plaintiffs the premises in said complaint described, upon the same terms and with the same powers, provisions, conditions and covenants as contained

in the aforesaid mortgage. That the said last mentioned mortgage was given as additional and collateral security to said first mortgage, made by said Lawrence S. Smith to said plaintiffs, and that said first mentioned mortgage was then and still is unpaid. That said last mentioned mortgage recited that it was made in execution and by virtue of the powers contained in said last will and testament of John M. Smith, deceased. That the said last mentioned mortgage was duly recorded in the said register's office on the 28th day of September, 1869. That on or about the 2d day of April, 1868, for the purpose of further securing the indebtedness secured by said bond and mortgage, the defendant, Andrew J. Scott, for a good and valuable consideration, did execute and deliver to the said plaintiffs a bond sealed with his seal, whereby he bound himself, his heirs, executors and administrators in the penalty of $50,000, upon condition that the same should be void if the said defendant Andrew J. Scott should pay to the said plaintiff the sum of $25,000, on the 1st day of June, 1869, with interest for the same at the rate of seven per cent per annum, payable half yearly on the first days of June and December. That said bond was given in connection with and as collateral security to the said bond of Lawrence S. Smith to the said plaintiff for the same amount as aforesaid. That on or about the 8th day of July, 1869, for the purpose of further securing the indebtedness secured by the said bonds and mortgages the defendants Clifton Bolton, Henry A. Bowerman and Donald Cameron, did on that day execute and deliver to the said plaintiffs a bond sealed with their seals, whereby they bound themselves, their heirs, executors and administrators in the penalty of $50,000, upon condition that the same should be void if the said defendants Clifton Bolton, Henry A. Bowerman and Donald Cameron should pay to these plaintiffs the said sum of $25,000 with interest, on demand. The said bond last mentioned was collateral to the bond and mortgage of the said Lawrence S. Smith, as sole surviving executor, held by the said plaintiffs, recorded in New York register's office, as aforesaid. That the circumstances attending the execution of the bond of Henry A. Bowerman were the following : After the bond secured by mortgage recorded in Liber 847 of mortgages, page 308, had become due, and in June, 1869, this bond and the said mortgage securing the same were placed in the hands

of the attorney of the plaintiffs for collection, who made the necessary searches and drew the complaint. The bondsman, Lawrence Shuster Smith, thereupon agreed with this attorney that if a confirmatory mortgage was executed and also the bond (of Bowerman and others) procured, a foreclosure action would not then be instituted. The desired confirmatory mortgage and bond, in the case, were executed and delivered to the plaintiffs, and the bondsman, Lawrence Shuster Smith, paid to this attorney all his charges for drawing and preparing the same, and for preparing to commence proceedings for collecting the claim and all expenses in the matter, the plaintiffs being put to no expense in the matter, no written or other agreement was made between the plaintiffs and any of the parties to the transaction, the aforesaid bond of Bowerman was payable by its terms on demand, no proceedings to collect the indebtedness mentioned in the said bond or to foreclose the mortgages securing the same were instituted until the 29th day of April, 1874, when this action was instituted.

*Henry E. Davies & Julien T. Davies,* for the plaintiffs appellants. Mere indulgence of a principal will not discharge a surety. (*Thompson* v. *Hall,* 45 Barb., 214; *Singer* v. *Troutman,* 49 id., 182; *Remsen* v. *Beekman,* 25 N. Y., 552; *Schroeppel* v. *Shaw,* 3 id., 446.) An agreement to forbear, generally, without an agreement to continue it for a specified time, will support an agreement to pay. (*Mapes* v. *Sidney,* Cro. Jac., 683; *Elting* v. *Vanderheyden,* 4 Johns. R., 237; *Weston* v. *Randall,* 20 Wend., 201; *Wilby* v. *Elgee,* Alb. Law Jour., vol. 12, No. 19, p. 303; Nov. 6, 1875.)

*J. S. Smith,* for infant defendants and respondents Smith.

*Edmund Coffin, Jr.,* for the defendant and appellant Bowerman. As the want of consideration was pleaded, the seal on Bowerman's bond gives it no validity as against positive proof that it was without consideration. (2 R. S., 406, §§ 77, 78; *Morgan* v. *Smith,* 7 Hun, 244; *Anthony* v. *Harrison,* 14 id., 198, aff'd Ct. of Appeals; *McCulloch* v. *Hoffman,* 10 id., 133.) This obligation would be void under the statute of frauds, as expressing no consideration, were it not for the seal. (*Barnum* v. *Childs,* 1 Sandf., 58; S. C.,

11 Barb., 14; *Bush* v. *Stevens*, 24 Wend., 256.) In order to constitute a consideration, the extension of time must be under a valid reciprocal agreement to forbear, which the debtor could have enforced during the time of the extension; otherwise the transaction amounts to nothing more than "indulgence," and will not constitute a consideration for an independent promise, no matter how long the indulgence continues. (*Bank of Troy* v. *Topping*, 9 Wend., 273; *Watson* v. *Randell*, 20 id., 201; *Pratt* v. *Coman*, 37 N. Y., 440; *Mechanics and Farmers' Bank* v. *Wixon*, 42 id., 438; *Cary* v. *White*, 52 id., 138; *Atlantic National Bank* v. *Franklin*, 55 id., 235; *Post* v. *Doremus*, 60 id., 371; *Rix* v. *Adams*, 9 Vt., 233; *Russell* v. *Buck*, 11 id., 166; *Hakes* v. *Hotchkiss*, 23 id., 231; *Downing* v. *Funk*, 5 Rawle, 69; *Muirhead* v. *Kirkpatrick*, 21 Penn., 237; *Longsdale* v. *Brown*, 4 Wash. C. Ct., 148; Story on Contracts, §§ 440, 441.) The bond of Bowerman is to be construed by the rules regulating a guaranty of collection, and not by the rules regulating a guaranty of payment. The distinction between the two classes of obligations is, that under a guaranty of payment, the rights of the parties are legally fixed on default in payment, and in consequence the surety or guarantor has no relief for neglect of the creditor to enforce collaterals or prosecute the principal debtor except in equity, and then on affirmative proof on his part that he requested such action; whereas, under a guaranty of collection, the rights of the creditor and obligation of the surety or guarantor are not fixed until after the creditor has prosecuted the principal debtor, and enforced all his other primary collaterals; and, in consequence the guarantor is relieved from liability by *laches'* of the creditor, without proof of any request on his part that the creditor proceed. (*Newell* v. *Fowler*, 23 Barb., 628; *Cady* v. *Shelton*, 38 id., 106; *Northern Ins. Co.* v. *Wright*, 13 Hun, 166, aff'd Ct. of App., 76 N. Y., 445; *Craig* v. *Parkis*, 40 id., 181, and cases cited, especially in the dissenting opinion of Judge MASON; *Eisenlord* v. *Dillenbach*, 15 Hun, 23; *McMurray* v. *Noyes*, 6 Weekly Dig., 160, Ct. of App., Feb. 1878; 72 N. Y., 523; *Newell* v. *Fowler*, 23 Barb., 628; *Moseir* v. *Wapel*, 56 id., 80.)

*Butler, Stillman & Hubbard*, for the defendant and respondent Cameron.

DANIELS, J.:

There is no foundation for the objections urged in favor of the defendants Smith, by their guardian, to that part of the judgment directing the sale of the property in controversy. For it has been in terms declared that they were the owners of an undivided three-fourths of the premises mortgaged, and that no title to those portions had passed to the plaintiff by either of the mortgages delivered to it. A sale of the property under the judgment would consequently leave their three-fourths entirely unaffected, and operate wholly and entirely upon the interest which was the proper subject of incumbrance by the mortgages. The first mortgage taken upon the property by the plaintiff was given in April, 1868, and the debts secured by it became due on the 1st day of June, 1869. The plaintiff contemplated a foreclosure of that mortgage, and took measures to institute such an action. While the papers were being prepared a proposal was made, to give a new mortgage, together with a bond to be executed by additional parties as further security for the payment of the debt. It was proposed to give these obligations, if the plaintiff would allow the loan to stand, which proposition was accepted by it, and the proceedings then on foot, preparatory to the commencement of the foreclosure action, were abandoned.

The additional mortgage was executed and the bond agreed upon was given upon the understanding that the loan should be allowed to stand and remain for the time uncollected. No particular period was mentioned or agreed upon for which the loan was to be allowed to remain uncollected, but as a matter of fact no proceedings were taken for its collection from that time down to the year 1874. These facts appear by the testimony of the mortgagor taken upon a previous trial of this action. It has been strenuously urged by the counsel for Bowerman, one of the persons who executed the bond given with the mortgage, for which the extension of the loan was obtained, that what transpired did not constitute such a consideration for the bond as will legally sustain it. The objection is placed upon the circumstance that no particular period was agreed upon through which the forbearance of the debt should be allowed to extend. And it has been urged that the cases of *Cary* v. *White* (52 N. Y., 138) and *Atlantic National Bank* v. *Franklin* (55 id.,

235) maintained the propriety of this objection. But the point there presented and decided was not whether such a consideration would be sufficient to sustain an obligation of this description, but it was whether the holder of the obligation in suit could be regarded as a holder for value, in such a sense as would exclude defenses which the parties would otherwise be entitled to insist upon. An instrument for the payment of money may itself very well be founded upon a sufficient legal consideration, and for that reason be binding upon the parties executing it, even though a person afterwards acquiring it may not be in a condition to be a holder of it, for value, as that phrase has been construed and understood in the administration of the law. Whether the instrument itself has been founded upon a legal consideration is a point of an entirely distinct and different character, not controlled by authorities of the nature of those already referred to. For the purpose of constituting such a consideration all that is required is that it shall either benefit the person on whose behalf the instrument is made, or produce some injury to the party receiving it. And forbearance, or the extension of the time for the payment of an existing debt, has, within this rule, been regarded as sufficient to sustain an obligation executed to obtain that end. The accuracy of this proposition is not denied in this case, but it is claimed that before the instrument can be sustained, for which the forbearance may be given, that some particular period over which it is to extend shall be made the subject of the agreement. But this proposition is not sustained by the authorities. In the early case of *Mapes* v. *Sidney* (Croke's James, 683), it was held that a promise by the defendant to pay the debt, in consideration that the plaintiff would forbear to sue one F. S. upon it, was a good consideration for the promise inasmuch as it appeared that the forbearance had in point of fact been secured. No time was there agreed upon, but still it was held that the plaintiff was entitled to recover, as the object the party had in view in making the promise was actually obtained. In *King* v. *Upton* (4 Greenl., 387) the action was upon a guarantee of a promissory note made after its maturity. It was alleged that the consideration of the guarantee was forbearance and further time for the payment of the note, and this was held to be sufficient as long as it appeared that the time had in fact been given

to the debtor. The same result was sustained in *Elting* v. *Vanderlyn* (4 John., 237), where it was said by the court that the consideration of forbearance generally is sufficient without setting forth any specific time. *Watson* v. *Randall* (20 Wend., 201), and the effect of the decision in *Grocers' Bank* v. *Penfield* (7 Hun, 279, and 69 N. Y., 502), are substantially the same. In *Oldershaw* v. *King* (2 Hurlstone & Nor., 517), the consideration for the promise was that the creditor would not require immediate payment from the debtor, and it was held to be sufficient because that implied a reasonable extension. And as much as that may with equal propriety be inferred from the agreement made in this case to let the debt stand. The fact that the bond was made payable on demand was not inconsistent with its existence as long as it formed the consideration of that instrument. The facts of this case brought this portion of it within the principle established by these authorities, and for that reason the objection raised upon the alleged want of consideration should not be sustained.

It has been further urged in favor of the same defendant, that inasmuch as the bond was made collateral to the preceding bond and mortgage of Smith, that the plaintiff has lost its rights to enforce it by reason of a failure to prosecute those obligations. But this position is entirely inconsistent with the purpose and object of giving the bond itself. It was to secure just that indulgence that this bond was delivered to the plaintiff, and the objection cannot now be consistently urged against its validity that the latter has observed, as it appears to have done, the terms of the agreement forming the consideration of the instrument. Upon the trial of this cause the counsel for this defendant also proposed to show that rents and profits of the mortgaged property had accrued, which might have been collected by the plaintiff and applied toward the payment of the mortgage debt.

This evidence was excluded by the court and the defendant excepted. That exception is now relied upon in support of the appeal taken in his favor. But if the plaintiff had entered into the possession of the mortgaged property and collected the rents, the object intended to be secured by giving this bond would have been defeated. The inducement to it was that Smith, the principal debtor, should be relieved from proceedings for the collection of the

debt, and that it should be allowed to stand.   The plaintiff assented to that arrangement upon the delivery of this bond, and after doing so it could not properly have instituted an action and sequestrated the rents and profits of the property without violating the terms and spirit of the understanding forming its consideration.   For that reason this offer was properly rejected.   But if this evidence had been received the case would not have been brought by it within the authorities urged in support of the appeal taken by this defendant, for the rents never having been received by the plaintiff were in no sense held by it as a further security, and it did not have the ability to appropriate them to the payment of any part of the mortgage debt.   It is only when the creditor has received and is able to control a further security, which is allowed to be appropriated to some other object, that the surety for the principal debtor has the right to complain.   This was not a case of that description and it cannot be controlled by the authorities which have been cited. The order allowing Cameron, who was one of the persons executing the bond, to set up his discharge in bankruptcy, seems to have been properly made; and under the bankrupt law his discharge relieved him from liability for the payment of the debt mentioned in the bond.   The point upon which the plaintiff's appeal was taken has been fully considered and disposed of in the opinion of Mr. Justice BRADY, and to his conclusion upon that subject complete concurrence is given.   As the other appeals are ineffectual the judgment in the case should be affirmed.

DAVIS, P. J. :

I concur with Mr. Justice DANIELS in the opinion that the appeal of defendants is not well taken.

BRADY, J., dissenting:

Two appeals were taken in this case, one by the plaintiff and one by the defendant Bowerman.

· The appeal of the plaintiff rests on the ground, sought to be maintained by a series of propositions, that the mortgagor had power to execute the mortgage which he gave, embracing the whole property described and not one-fourth of it only.   On the previous appeal in this action we decided that question adversely to the

plaintiff, and we see no reason to change the judgment then pronounced.

The defendant Bowerman invokes our consideration of several propositions in reference to his alleged liability for a deficiency. One of them is that there was no consideration for the bond which he gave as collateral to the bond and mortgage of Lawrence S. Smith, already referred to. What occurred in reference to the bond and what led to its execution is stated by Mr. Turner in the case, and is as follows: "I am one of the law firm of Turner, Kirkland & McClure; we do now, and in 1869 did, some business for the plaintiff; in 1869, I think, in the month of June, Mr. Winston, the president of the plaintiff, placed in my hands the mortgage of Lawrence Shuster Smith, executor, etc., now under foreclosure in this action; that was delivered to the plaintiff April 4, 1868, and I was directed to foreclose the same; I put in the requisite searches and prepared the complaint; before the papers were served the defendant, Lawrence Shuster Smith, called on me and offered to execute new papers, and to give personal security if the loan could be permitted to continue; the plaintiff agreed to this, and I prepared the confirmatory mortgage, which was executed by Mr. Smith and his wife, and also the collateral bonds of Bowerman, Cameron and Bolton, which they executed; on my delivering those to the plaintiff, I was authorized to discontinue the foreclosure proceedings, and did discontinue them and returned the original complaint to the plaintiff; no papers were served in the foreclosure suit; Smith paid the fee; there was no written agreement to my knowledge in reference to the matter."

The bond itself is payable on demand; it thus appears that there was no agreement to extend the time for the payment of the original indebtedness. On the contrary, the pre-existing obligation remained in full force and the bond of Bowerman and others, which was a collateral security, was entirely independent of it. As already suggested, it was an obligation which was payable on demand. There is no evidence in the case to show that there was any other understanding or agreement than that there should be a continuance of the bond and mortgage. But no definite period was named. The transaction was a mere indulgence therefore and for no stipulated period. There was nothing, from aught that appears in the

case or the papers executed, to prevent the plaintiffs from demanding payment of the original indebtedness immediately after the execution of the bond itself. This is not a sufficient consideration within the authorities. It has been so expressly declared. (*Atlantic National Bank* v. *Franklin*, 55 N. Y., 235; *Cary* v. *White*, 52 id., 138.)

It appears that the learned judge who presided at the Special Term was asked to make certain findings with reference to the consideration and the character of the agreement, of which the bond of the defendant Bowerman and others was predicated, which he declined to do, and this presents the question discussed for our determination and imposes upon us the duty of reversing the judgment, so far as it affects him individually.

For these reasons I think the judgment appealed from should be affirmed except as to the defendant Bowerman, in regard to whom it should be reversed.

Judgment affirmed.