Perkins *v.* Proud.

New trial granted.

[OSWEGO GENERAL TERM, July 8, 1862. *Mullin, Morgan* and *Bacon,* Justices.]

## PERKINS *vs.* PROUD.

To make forbearance a valid consideration for a promise, there must be a binding agreement to forbear, either for a definite time or for a reasonable time. And the time of forbearance, in the latter case, must be alleged, that the court may see it was for a reasonable time.

An agreement, made with a sheriff, by a person interested in property levied on, that if the former will delay a sale of such property he will pay and discharge the judgments, and satisfy the executions, and will indemnify and save the sheriff harmless from all loss, costs, damages and expenses that he may sustain or suffer in consequence of such delay, is illegal and void.

If such a contract is to be deemed a contract for a delay not beyond the return day of the process, the sheriff has no right to demand compensation for such an indulgence; it being his duty to give it if he can do so without injury, and it not appearing that injury would or could have occurred in that time. If its construction is for a period beyond the return day, it is in violation of the sheriff's duty, and therefore illegal and void.

In an action upon a promise of the defendant to indemnify the plaintiff against loss by reason of his delaying the sale of goods levied on by virtue of executions in his hands as sheriff, in which goods the defendant had an interest, there was no averment that the plaintiff agreed to delay, but only that at the defendant's request, and on his promise, he did delay the sale; *Held* that the plaintiff's promise being invalid, for want of consideration, there was no consideration for that of the defendant.

It is the right of a sheriff to postpone a sale of property on execution, from time to time, and for such a length of time as he may deem proper. But he may not, for his own gain, bind himself by a contract, not to sell for such a period of time as will prevent him from obeying the command of his process.

Perkins *v.* Proud.

He is bound, without compensation, to give every indulgence consistent with obedience to his process; and when he contracts for delay beyond what is consistent with his duty, he is contracting for compensation or indemnity for breach of it; and such a contract is unlawful and void.

Where a sheriff levies on property in which a third person has an insurable interest, and the latter insures the property, and the same is destroyed, and the insurers pay to the assured the amount of the loss, the sheriff has no right to claim a portion of the money, without showing that his interest has ever been insured.

THIS is an appeal from the decision of Justice Morgan, sustaining a demurrer to the plaintiff's complaint, and directing judgment thereon for the defendant. .

The first count of the complaint is founded upon a promise of the defendant to indemnify the plaintiff against loss by reason of delaying the sale of goods levied on by virtue of executions in his hands, as sheriff, against one Reuben J. Green. The plaintiff alleged in the first count of his complaint, that he, as sheriff of Oswego county, had levied upon certain personal property of one Reuben J. Green, on executions, in the hands of the plaintiff, subject to levy and sale; that the defendant Proud urged and solicited him to delay and postpone a sale of such property, and promised, if he would do so, that he, Proud, would take care of, pay and discharge the judgments and executions; and undertook and promised to indemnify and save harmless the plaintiff from all loss, costs, damages, &c., that he might sustain or suffer from such delay and stay of proceedings. That the plaintiff was thereby induced to delay, defer and put off a sale of the property, &c. The defendant owned an interest in the goods, and the delay of the sale was for his benefit. He sold a portion of the goods and received the avails of them. The remainder of the goods were destroyed by fire, the levy still being in force. The plaintiffs in the executions obtained judgment against the plaintiff here for the amount of the executions, and the plaintiff had paid the same. The defendant had notice of the suit against the sheriff.

In the second count of the complaint, the plaintiff alleged that being sheriff of Oswego county, and having in his hands certain executions issued out of the Supreme Court, against the property of one Reuben J. Green, in suits brought by E. S. Dawson and others, he levied upon and took in execution a quantity of harness, saddles, bridles, and harness and saddle trimmings, leather trunks and valises, and other goods in which the said Reuben J. Green had an interest, subject to levy and sale under execution, in value more than sufficient to satisfy said executions and his fees and poundage as such sheriff. That afterwards, and while such levy was operative and in full life and effect, a fire occurred, by which were lost all of said goods, merchandise and property under levy as aforesaid, and the plaintiff wholly failed to realize any sum whatever under or by virtue of said levy. That prior to said loss by fire an insurance had been effected on said goods, merchandise and property levied upon by said plaintiff, to the amount of $800, in a good and responsible insurance company, to wit, the City Fire Insurance Company, of Hartford, Connecticut. That after said fire the said loss was adjusted and settled with the defendant by said company or its agent, for the sum of $300, and the defendant thereupon, on or about the 8th day of February, 1860, received from said company the said sum of $300; and the plaintiff claimed and insisted that the said sum of $300 ought, in justice and equity, to be first applied in discharge of said levy and his fees and poundage, amounting in all to $251.91, with interest from August 2, 1859. That the plaintiff had demanded of and from said defendant, said sum of $251.91, with interest, as aforesaid, but that he had wholly neglected and refused to pay the same, or any part thereof, and was thereby justly indebted to the plaintiff in the sum of $251.91, with interest thereon from the 2d day of August, 1859.

The defendant demurred to each cause of complaint, on the ground that it appeared on the face of the complaint

Perkins *v.* Proud.

that it did not state facts sufficient to constitute a cause of action.

*A Perry*, for the appellant.

I. There was a good consideration for the defendant's indertaking: An injury to one party, or a benefit to another, is a sufficient consideration for a promise: (*Miller* v. *Drake*, 1 *Caines*, 45. *Powell* v. *Brown*, 3 *John*. 100.) Here the delay was not only detrimental to the plaintiff but was also beneficial to the defendant. (*Smith* v. *Weed*, 20 *Wend*. 184.)

II. The defendant's promise was not within the statute of frauds. It was an original undertaking, and needed not to be in writing. It was not a promise to pay the debt, or answer for the default of another person. 1. It was an original undertaking. (*Harrison* v. *Sawtel*, 10 *John*. 242. *Gold* v. *Phillips*, *Id*. 412. *Lippincott* v. *Ashfield*, 4 *Sandf*. 611.) 2. But even if the defendant's agreement be regarded as a promise to pay the debt of Green, it is not within the statute. It is a promise arising out of a new and original consideration of benefit or harm moving between the plaintiff and defendant, and falls within the third class of cases mentioned by Ch. J. Kent in *Leonard* v. *Vredenburgh*. (8 *John*. 29. *Nelson* v. *Boynton*, 3 *Metc*. 396 to 400 *Farley* v. *Cleveland*, 4 *Cowen*, 432 to 439. *Mallory* v. *Gillett*, 21 *N. Y.* 412.)

III. It was not necessary that the pleader should allege that the promise was in writing. That is matter of evidence. A declaration upon an undertaking to answer for the debt of a third person is good, though it do not allege that the promise or consideration is in writing. (*Elting* v. *Vanderlyn*, 4 *John*. 237. *Myers* v. *Morse*, 15 *id*. 425. *State of Indiana* v. *Woram*, 6 *Hill*, 33. *Livingston* v. *Smith*, 14 *How. Pr.* 490.)

IV. The promise of the defendant is a valid obligation, within the statute declaring void all bonds, &c., taken by a sheriff or other officer by color of his office, in any case

or manner other than provided by law. (3 *R. S.* 476, § 48, *5th ed.*) The agreements declared void by this statute are such as necessarily imply a breach of duty on the part of the officer which would deprive him of the power of executing the process of the court, or which must necessarily produce an injury to the plaintiff or defendant in the execution. (*Acker* v. *Burrall*, 21 *Wend.* 605. *S. C.*, 23 *id.* 606.) "Taking a security by a public officer, by color of his office, necessarily implies that the act is unlawful and unauthorized, and that the legal right to take it is a mere color or pretense." (*Acker* v. *Burrall, above cited.*) Does the agreement in this case necessarily imply that the sheriff did or was expected to do an unlawful act? He had levied upon property in which the defendant and Green both had an interest; and in consideration that he would postpone the sale, the defendant undertook to pay the executions and save the sheriff harmless from loss, costs and expenses by reason of such postponement. 1. It does not appear that the sale was to be delayed beyond the return day of the executions. The levy was kept in force. Then there was no breach of duty. The sheriff did no act "which would deprive him of the power of executing the process of the court, or which must necessarily produce an injury to the plaintiff or the defendant in the executions." He did not agree that the property should belong absolutely to the defendant on his paying the executions. He did not place the property beyond his reach, or deprive himself of the power of selling it at public auction according to law, or of returning it to the defendant in the execution if he should pay the debt without a sale. The legal effect of the transaction is a receipting of the property by the defendant, and the sheriff, instead of relying upon the legal liability of the defendant as receiptor, takes from him a specific agreement to pay the executions unless the property is returned to be sold. It may be asked, if the sheriff was not guilty of a breach of duty, how judgment

Perkins *v.* Proud.

could be obtained against him by the plaintiffs in the executions. If he returned the executions unsatisfied, he was liable for a false return, and a plea that a portion of the goods were destroyed by fire would not avail him, inasmuch as a "large quantity" of the goods were sold by the defendant for his own benefit. If he neglected to return them within the sixty days he was liable, *prima facie,* for the amount. 2. Even if the agreement contemplated a delay of the sale beyond the return day of the executions, it is not void. Such delay is not unlawful. The law permits the sheriff to sell after the return day if the levy was made before. (*Devoe* v. *Elliot,* 2 *Caines,* 243. *Slingerland* v. *Swart,* 13 *John.* 255.) It is not such a breach of duty on the part of the sheriff as would deprive him of the power of executing the process of the court, or which must necessarily produce an injury to the plaintiff or the defendant in the execution. (*Acker* v. *Burrall, above cited.*)

V. It was not necessary that the plaintiff should allege, in his complaint, the ground on which judgment was obtained against him by the plaintiffs in the executions, or that any judgment was obtained. The action is founded upon the undertaking of the defendant that he would pay the executions. Having disposed of part of the property, and the remainder having been destroyed by fire, his liability was complete, whether the sheriff was prosecuted or not.

VI. The second count is substantially for money had and received by the defendant to the plaintiff's use. The allegations in a pleading under the Code are to be liberally construed. (*Code,* § 159.) The complaint, to be overthrown by a demurrer under subdivision 6, of section 144, must present defects so substantial in their nature, and so fatal in their character as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever. (*Richards* v. *Edick,* 17 *Barb* 260. *Graham* v. *Camman,* 13 *How. Pr.* 362. *Hammond* v. *Hudson River Iron and Machine Co,* 20 *Barb.* 386.)

*B. B. Burt,* for the respondent,

I. The first count in the complaint does not state facts sufficient to constitute a cause of action. If the defendant is liable it is under the agreement alleged in the case. 1st. The agreement there alleged, so far as the defendant undertook and promised to pay the judgments and executions therein alleged, is void under 2 Revised Statutes, (*p.* 135, § 2, *subd.* 2,) as it is not alleged to have been made upon any consideration, or to have been subscribed by the defendant. 2d. The undertaking or security of the defendant, so far as he undertook and promised to indemnify and save harmless the plaintiff from all loss, damages and expenses whatever that the said plaintiff might sustain or in any manner suffer; or any liability he might incur from the delay and stay of proceedings on the execution alleged in the complaint, was void, the same having been taken by the plaintiff as sheriff, by color of his office, and in a manner not provided by law. (2 *R. S.* 286, § 48, [§ 59.] ) The taking of such an agreement by the plaintiff was against public policy. The duty of the sheriff was to obey the mandate of the writ, and any agreement which would be in violation of his duty would be void. (*Webber's ex'rs* v. *Blunt,* 19 *Wend.* 190.) The court, in the same case, on page, 191, says: "Allowing sheriffs to grant the indulgence claimed in the case at bar, besides being a disobedience of the writ, would lead to all manner of extortion," &c. (*Bank of Buffalo* v. *Boughton,* 21 *Wend.* 57. *Winter* v. *Kinney,* 1 *N. Y.* 365.) The court, in *Acker* v. *Burrall,* (21 *Wend.* 607,) says, that "the object of our statute was like the old statute against securities taken for ease and favor, to make the whole void when a part was so." In the same case, on page 608, the court says: "If an agreement necessarily implied any breach of duty on the part of the sheriff, which would deprive him of the power of executing the process of the court, or which must necessarily produce an injury to the

Perkins *v.* Proud.

plaintiff or the defendant in the execution, the agreement would be contrary to law and absolutely void." 3d. There is no allegation in the complaint that the defendant ever received or receipted any of the property belonging to the defendant in the executions, or that the defendant in this action ever received any of the avails of the property levied upon, which belonged to the defendant in the executions. 4th. There is no allegation in the complaint that the plaintiff was made liable to pay the amount of the executions by reason of any act of the defendant. On the other hand, so far as it appears from the complaint, the plaintiff had a perfect defense to the action commenced against him, upon the principles and upon the authority stated in the former part of the opinion of his honor, Judge MORGAN. 5th. It does not appear from the complaint in the action, that the defendant was to be in any way benefited or injured by the alleged undertaking, or that the plaintiff was to be benefited or injured by it. In case he relied upon the undertaking, he was violating his duty, but if not, he could have collected the execution at any time.

II. The second count in the complaint does not state facts sufficient to constitute a cause of action. It is not stated in the complaint that the insurance was obtained for the benefit of the sheriff or of the defendant in the execution, nor does it show in any way that the sheriff was entitled to that money. It is not claimed that the defendant received it as the agent of the plaintiff. So far as it appears, if the plaintiff had any interest in that insurance money, he still has a valid claim against the company for the loss.

*By the Court*, MULLIN, J. There was no consideration shown for the agreement of the defendant. The allegation is, that the defendant agreed if the plaintiff would delay the sale pursuant to the levy, he, the defendant,

would pay. It is not alleged by the plaintiff that he agreed to delay; it is only averred that at the defendant's request, and on his promise, he did delay. There never was a moment of time, after the promise was given, that the plaintiff was bound to delay an hour. To make forbearance a valid consideration, there must be a binding agreement to forbear, either for a definite time, or for a reasonable time, and the time of forbearance, in that case, must be alleged, that the court may see it was for a reasonable time. (1 *Pars. on Cont.* 367. *Chit. on Cont.* 35 *to* 38, *and notes.*) In *Goodale* v. *Holridge,* (2 *John.* 193,) the defendant, a constable, agreed with the plaintiff, against whom the defendant held sundry executions, that if the plaintiff would deliver him (the defendant) property in security of such executions, he would wait thirty days before he sold the property, but the defendant, in violation of his promise, sold before the expiration of the thirty days. By the statutes then in force, the constable was bound to levy within twenty days, and in ten days thereafter to pay the debt and costs into the hands of the justice. An agreement not to sell for thirty days was, of course, a palpable violation of his duty. The court held that the defendant's promise was without consideration and void. If there was a want of consideration for the constable's promise in the case cited, there was the same want of consideration in this case, and the plaintiff's promise being invalid, there was clearly no consideration for that of the defendant. It is the duty of a sheriff, on receipt of an execution against property, to levy and sell, and have the money in court by the return day. When a levy is made, the officer is then secure, as it is in his power either to take the property levied on into his possession, or to require a receipter. Although his precept requires him to have the money in court by the return day, yet the courts do not make it obligatory upon him so to do. He must levy before the return day, and he may sell afterwards.

Perkins *v.* Proud.

Consistently with the duties thus imperatively enjoined on the officer, he is permitted, nay required, to extend to the debtor such lenity as he may without injustice to the creditor. While he has the power to levy on the day the *fi. fa.* is delivered to him, and to sell at the expiration of six days therefrom, yet it would be treated as an exceedingly harsh proceeding, and the court would interpose between the debtor and the officer, in a proper case, and prevent him from oppressing the debtor. It is the right of the officer to postpone a sale from time to time, and for such a length of time as he may deem proper. But he may not, for his own gain, bind himself by a contract not to sell for such a period of time as will prevent him from obeying the command of his process. He is bound, without compensation, to give every indulgence consistent with obedience to his process; and when he contracts for delay beyond what is consistent with his duty, he is contracting for compensation or indemnity for breach of it; and such a contract is unlawful and void. (*Chit. on Cont.* 677. *Webber's ex'rs* v. *Blunt,* 19 *Wend.* 188. *Bank of Buffalo* v. *Boughton,* 21 *id.* 57. *Winter* v. *Kinney,* 1 *Comst.* 365.) In this case, if the contract shall be deemed to be for a delay not beyond the return day of the process, he had no right to demand compensation for such an indulgence, as it was his duty to give it if he could do so without injury, and it does not appear that injury would or could have occurred in that time. If its construction was for a period beyond the return day, it was in violation of his duty, and therefore illegal and void. The officer may, without contract, grant a delay of sale which he may not bind himself to grant. I think the agreement set out in the first cause of action is illegal and void.

As to the second cause of action, it seems to me to be impossible to suggest any reasonable ground on which it can be maintained. As stated, it comes to this; the sheriff levies on property in which a third person has an insur-

able interest, and that person insures the property, and the same is destroyed, the insurer pays to the insured the amount of the loss, and the sheriff claims a share of the money without showing that his interest has ever been insured. An insurance by the debtor before levy, would not, I apprehend, enure to his benefit, directly; in other words, he could not maintain an action on the policy. It is not pretended that he, or any one for him, insured his interest after levy. In short, I see no ground whatever, on which such an action can be maintained.

The order appealed from should be affirmed, with leave to the plaintiff to amend on payment of costs.

[Oswego General Term, July 8, 1862. *Mullin, Morgan* and *Bacon,* Justices.]