[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 237 
On the trial of this action, and after the president of the plaintiff, who was the only witness produced, had been examined with reference to the circumstances under which the plaintiff had received the note in suit, the following stipulation was entered into between the counsel for the respective parties:
"It is stipulated between the parties to this action that the decision in this case turn exclusively upon the question whether, on the evidence already in, the plaintiff is a bona fide owner for value of the notes in controversy."
Thereupon the testimony was closed. No evidence had been given touching the origin of the notes, or the defence to them, existing between the original parties, which had been set up in the answer. This defence was, that the notes had been deposited by the maker (defendant) with Van Saun *Page 238 
Co., the payees, as collateral security upon certain contracts between them and the maker, and that when the notes became due Van Saun Co. were indebted to the maker in a larger amount than the notes, and that Van Saun Co. had charged the notes against such indebtedness, and released the maker from all claim on account of the notes.
The stipulation must have been made with reference to the character of this defence, and must be construed as requiring the plaintiff to establish that it was a bona fide holder for value, in the sense that would preclude the maker from setting up as against it any defence which he might have as between himself and the payees.
The referee found that the notes had been transferred by Van Saun Co. to the plaintiff as additional security for an antecedent debt, and without consideration. This finding is sustained by evidence. The only consideration claimed by the plaintiff to have been shown is the forbearance of a call loan previously existing. But there was no valid agreement for such forbearance. No engagement was entered into by the plaintiff, upon the receipt of these notes, which would have precluded it from demanding payment of the loan the moment after the receipt of the notes in question. Van Saun Co., having been called upon by the plaintiff to pay the $30,000 call loan said they did not want to pay it just then, but would give the plaintiff additional security if it would allow the loan to remain a little longer. They then brought the notes in suit to the bank, and the president took them and put them with the other collaterals. No definite extension was agreed upon. This was not a valid agreement for forbearance. (Bank of Utica v. Ives, 17 Wend., 501.) Mere indulgence, without a valid agreement for forbearance, does not constitute a valuable consideration. (Stalker v.McDonald, 6 Hill, 93, 114.)
The first position assumed in the opinion at General Term, viz., that this transaction amounted to a new loan upon the old and new collaterals, is not tenable. The request of Van Saun 
Co. was, that the existing loan should remain a little longer. It was not changed. *Page 239 
The second position there taken is, in our judgment, equally indefensible. That is, that the plaintiff may be regarded as abona fide holder, though it took the notes as security for an antecedent debt; because, if the notes were accommodation notes, it was competent for Van Saun Co. to pledge them for an antecedent debt, and the holder thus receiving them would be abona fide holder for value sufficient to enable him to recover.
No such case can be regarded as in the contemplation of the parties in entering into the stipulation. There was no pretence that these were accommodation notes, but the defence to them was of an entirely different character, and the stipulation must be deemed to have been entered into with reference to a defence which would be available to the maker against all but a bonafide holder, who had parted with value on the faith of them. In the case of notes given to the payee for his accommodation, generally the maker agrees to become surety for him, and the payee has an implied authority to pledge them as security for his existing debts. It is upon this ground, and not that the creditor becomes a bona fide holder for value, in the ordinary sense of the term, that the maker is, in such cases, precluded from setting up the defence of want of consideration. The consideration of the transfer in such a case, though valid, is not a valuable consideration in the legal sense of the term, as applied to notes and bills. (Stalker v. McDonald, supra.)
The order of the General Term should be reversed, and the judgment entered upon the report of the referee should be affirmed with costs.
All concur.
Order reversed and judgment accordingly. *Page 240