The Traders' National Bank, of San Antonio, Texas, Respondent, *v.* Charles T. Parker, Appellant.

When the findings of a court are so inconsistent that they cannot be reconciled, those which are most favorable to the appellant are controlling upon the appellate court.

This rule, however, applies only when the findings cannot by reasonable construction be reconciled; it is the duty of the court to reconcile them, if possible.

An agreement by a creditor to withhold suit against his debtor is a good consideration to support a promise by a third party to pay the debt, although no fixed and definite time of extension is expressly agreed upon.

The legal effect of such an agreement is to bind the creditor to withhold suit for a reasonable time, and what is a reasonable time is a mixed question of law and fact, depending for its solution upon the circumstances of the case.

Plaintiff held a note against H. & J., and threatened to bring suit thereon. Defendant, a creditor of H., who was financially embarrassed, requested plaintiff to delay prosecution. Plaintiff offered to extend the time for the payment of the note if defendant would sign it. This he did. No time of extension was agreed upon. It was understood that defendant was at the time intending to attend a sale of certain property of H. under a chattel mortgage, from which it was hoped something might be realized, to be applied in payment of the note. In an action upon the contract so made by defendant, *held,* that it was founded upon a good consideration; that plaintiff waived his right to sue until after such sale.

*Atlantic Nat. Bank* v. *Franklin* (55 N. Y. 235); *Perkins* v. *Proud* (62 Barb. 420), distinguished.

The referee found that the consideration for defendant's contract consisted in plaintiff's agreement to extend the time of payment of the note, but that it did not agree to extend for any definite period, and upon defendant's request; he further found, that plaintiff did not waive the right to sue H. & J., or either of them, whenever it saw fit. *Held,* that the conclusion of the referee that plaintiff did not waive his rights was to be construed as an inference from the evidence, and not as an existing or independent fact, and so was in that respect rather a finding of law than one of fact, and was not controlling.

(Argued December 11, 1891; decided January 20, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order

made January 24, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David Wilcox* for appellant. In order to recover, plaintiff must show some consideration for defendant's signature of the note. (*Good* v. *Martin*, 95 U. S. 90; *Green* v. *Shepherd*, 87 Mass. 589; Daniels on Neg. Inst. § 1760; Rand. on Comcl. Paper, § 446; Baylies on Sureties, 56; Brandt on Sureties, § 9; *Tenney* v. *Prince*, 4 Pick. 385; *Crossan* v. *May*, 68 Ind. 242; *Klein* v. *Currier*, 14 Ill. 237; *Parkhurst* v. *Vail*, 73 id. 343; *Clopton* v. *Hall*, 51 Miss. 482; *Williams* v. *Williams*, 67 Mo. 661; *Jones* v. *Ritter*, 32 Tex. 717; *Barney* v. *Forbes*, 118 N. Y. 580.) No consideration has been shown for defendant's signature. (*A. Bank* v. *Franklin*, 55 N. Y. 235; *Bank of Utica* v. *Ives*, 17 Wend. 501; *Stalker* v. *McDonald*, 6 Hill, 93; *Perkins* v. *Bond*, 62 Barb. 420.)

*John Lindley* for respondent. It was not necessary for the plaintiff to prove any consideration that passed to the defendant for signing the note sued on. (Daniels on Neg. Inst. § 167.) The plaintiff, however, did prove that a good and valuable and sufficient consideration had passed to the defendant for signing the note in suit. (*Manning* v. *McClure*, 36 Ill. 490; *W. N. Bank* v. *Cheeney*, 87 Ill. 602; *Roxborough* v. *Messick*, 6 Ohio St. 448; *Pitts* v. *Foglesong*, 37 id. 676; Daniels on Neg. Inst. § 830.) An agreement to forbear suit will be a good consideration in a case like this, although no definite time of forbearance is expressly stated; since the law will presume that it will be for a reasonable time. (*Hakes* v. *Hotchkiss*, 23 Vt. 231; *Elting* v. *Vanderlyn*, 4 Johns. 237; *Lonsdale* v. *Brown*, 4 Wash. C. C. 148; *Calkins* v. *Chandler*, 36 Mich. 320; *Downing* v. *Funk*, 5 Rawle, 69; *Snighen* v. *Broughton*, 3 Buest. 206; *Phillips* v. *Sackford*, Cro. El. 455; Story on Agency, 76; *Payne* v. *Wilson*, 7 B. & C. 426; *Sidwell* v. *Evans*, 1 P. & W. 383; *King* v. *Upton*, 4 Me. 387; *M. L. Ins. Co.* v. *Smith*, 23 Hun, 535; *Cary* v.

*White,* 52 N. Y. 138; *A. N. Bank* v. *Franklin,* 55 id. 235; *Watson* v. *Randall,* 20 Wend. 201; *G. Bank* v. *Penfield,* 69 N. Y. 502; *Paul* v. *Stevens,* 57 Hun, 173.)

Brown, J. On or about February 11, 1884, the plaintiff was the owner and holder of an over-due promissory note for $10,265.65, made by one J. P. Hodgson and one F. W. James, and was insisting upon the payment thereof and threatening to bring suit thereon against the makers. The defendant thereupon, with a view to obtain an extension of time for the payment of said note, affixed his signature thereto under the signatures of Hodgson and James.

This action is upon the contract thus made, and the defense relied upon in this court to defeat a recovery is that no consideration for the defendant's contract was shown.

The referee found that the consideration consisted in the plaintiff's agreement to extend the time of payment of said note, and to delay proceedings for the collection thereof, but that it did not state or agree to extend for any definite period of time; and upon defendant's request he further found that "when the defendant signed the note in suit plaintiff did not waive its right to sue Hodgson and James, or either of them, upon the same whenever it saw fit."

If the latter conclusion is to be treated as one of fact, it is clearly in conflict with the other findings, as an agreement to extend the time of payment, which did not bind the plaintiff to withhold suit for some time, would be no agreement at all, and the defendant would be entitled to the benefit of the rule that when findings are so inconsistent that they cannot be reconciled, those which are most favorable to the appellant are controlling upon the appellate court. (*Redfield* v. *Redfield,* 110 N. Y. 671; *Wahl* v. *Barnum,* 116 id. 87–99.)

But it is the duty of the court, if possible, to reconcile these findings. It is only when this cannot, by reasonable construction, be accomplished, that it is bound to accept the finding most favorable to the appellant. (*Green* v. *Roworth,* 113 N. Y. 462.)

The findings of the referee, taken together, are to the effect that while the plaintiff was to delay proceedings for collection of the note, and the defendant put his signature to it in consideration of the agreement of the plaintiff to give the makers further time upon the note, the plaintiff did not state or agree that it would extend for any definite time, nor did it waive its right to sue the makers, Hodgson and James, or either of them, upon the note whenever it saw fit. The latter findings were pursuant to request of the defendant, and the last one seems to import the effect of the former as the referee understood it. In that view the others represent the agreement as made between the parties, and the last one without qualification of their terms embraces what the referee seems to treat as the interpretation to which in his view they were entitled. While this does not seem quite consistent with the conclusion of law reached by the referee it is not necessarily inconsistent with the agreement between the parties as found by him. And, therefore, does not control the construction and effect to be given to those findings in support of the judgment.

While all the evidence taken upon the trial is not before us, there is a certificate in the record that the "case contains so much of the evidence as is material to the questions to be raised," and we may presume, therefore, that all the evidence bearing upon the question of consideration is in the case. Referring to the testimony we find that the defendant was a creditor of Hodgson one of the makers of the note. Hodgson was embarrassed financially and other creditors were pressing their claims against him. He was the owner of a herd of 13,000 sheep which were about to be sold at Colorado City, under a chattel mortgage. The defendant desired to purchase the sheep at the sale and wanted to borrow the money from the plaintiff to enable him to do so, and to have the proceedings for the collection of the note withheld. With this object in view he visited the plaintiff at San Antonio with James the joint maker of the note. The plaintiff refused to make the desired loan but it offered to extend the time for the payment of its note if the defendant would sign it.

Mr. Brownson, the president of the plaintiff bank, testified that he agreed to withhold suit on the note and extend the time of payment. Asked as to the time of the extension he said "I don't think any definite time was agreed upon; it was to depend very much upon the movements of the other creditors of Hodgson. The proceedings at Colorado City were to cut some figure in what we were to do; it was left somewhat to the wishes of Mr. Parker."

And it appeared that Parker thought that something on the plaintiff's debt might be realized out of the sale of the sheep and that he was to go to Colorado City which was about eighteen hours ride by railroad from San Antonio and attend the sale, and that it was contemplated by the parties that he should advise the plaintiff from that place, and that he did so, and that Mr. Brownson went there at his request, but he refused to advance money to buy the sheep.

Mr. Thornton, the cashier of the bank, testified that they were pressing Hodgson for a settlement and threatened him with suit. That it was about term time of the court and they had threatened to put the paper through at that term   *   *   * and the proposition was made that if the bank was satisfied on the paper it would withhold suit. It thus appears that nothing was said about the right of the plaintiff to sue whenever it saw fit, and the conclusion of the referee that the plaintff did not waive its rights is an inference from the evidence and was not an existing or independent fact itself and as was said in *Green* v. *Roworth* (*supra*), "it was in that respect rather a finding upon a question of law than one of fact." It certainly was the intention and agreement of the parties that sufficient time should be allowed by the bank during which the defendant could go to Colorado City and examine into the condition of Hodgson's affairs there, so that he might judge of the possibility of realizing something out of the sale of the sheep that could be applied to the payment of the plaintiff's note, and this was a matter of considerable importance and benefit to him. And it is clear, I think, that suit was to be withheld upon the note until after the sale at Colorado City, and whether

further extension should be given was to depend somewhat upon the defendant's wishes in the matter.

The period during which suit was to be withheld was not fixed at any certain number of days, weeks or months, but it does not follow that the plaintiff did not waive its right to sue immediately on the note, and the evidence leaves no doubt that it did waive such right until the defendant could go to Colorado City, and there make such examination as he desired and communicate the result to the plaintiff, and any prosecution upon the note during that time would have been a plain violation of plaintiff's agreement. Treating the finding I have quoted as an inference from the facts proven and not as a distinct fact of itself, we have no difficulty in affirming the judgment upon the facts found by the referee.

The appellant contends that because the plaintiff did not agree to extend the time of payment for a definite period, there was no consideration for defendant's contract and he cites *Atlantic Nat. Bank* v. *Franklin* (55 N.Y. 235), and *Perkins* v. *Proud* (62 Barb. 420), as authorities for that contention.

In the *Atlantic Bank* case, there was no agreement not to sue. The evidence showed indulgence merely. In *Perkins* v. *Proud*, the court said, to make forbearance a valid consideration, there must be a binding agreement to forbear either for a definite time or for a reasonable time.

Neither of these cases support the appellant's claim. On the contrary, the whole current of authority is to the effect that an agreement to withhold suit is a good consideration to support a promise to pay a debt, although no fixed and definite time is expressly agreed upon. (Rolles Abgt. 27, pl. 45; Brandt on Suretyship and Guaranty, § 8; 1 Parsons on Contracts [6th ed.], p. 444; *Walker* v. *Sherman*, 11 Metc. 170–172; *Mecorney* v. *Stanley*, 8 Cush. 85–88; *Hakes* v. *Hotchkiss*, 23 Vt. 231; *Calkins* v. *Chandler*, 36 Mich. 320; *Lonsdale* v. *Brown*, 4 Wash. 148; *Downing* v. *Funk*, 5 Rawle, 69; *Sidwell* v. *Evans*, 1 Penn. 383; *King* v. *Upton*, 4 Me. 387; *Elting* v. *Vanderlyn*, 4 Johns. 237; *Watson* v. *Randall*, 20 Wend. 201; *Mut. Life Ins. Co.* v. *Smith*, 23 Hun, 535.)

The legal effect of such an agreement is to bind the creditor to withhold suit for a reasonable time. What would be a reasonable time, if not always a question of fact, would at least be a mixed question of law and fact, depending for its solution upon the circumstances of each case.

The precise question at issue here was decided in this state in *Elting* v. *Vanderlyn* (*supra*). There the judgment was attacked on the ground that the promise to pay was in consideration of an indefinite forbearance, and was void. The court said : " The consideration of forbearance generally is sufficient without setting forth a specific time. There was in fact a total forbearance for a long time, which brings the case within that of *Mapes* v. *Sidney* (Cro. Jac. 283)." This case has never been questioned or overruled.

In the case before us, there was total forbearance, as no suit was ever brought against Hodgson or James on the note.

The general rule is that the waiver of any legal right, at the request of another party, is a sufficient consideration to uphold a promise.

There was clearly such a waiver shown in this case, and the referee having found an express agreement to that effect, judgment in the plaintiff's favor necessarily followed.

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., and VANN, J., dissenting.

Judgment affirmed.