79h 531
63ad483

HOTCHKISS S. FINCH, Respondent, v. FRANK A. SKILTON and Another, Appellants.

*Oral extension of payment of a demand note — made in consideration for its being then signed by an additional maker — no demand necessary as against the maker — payable in a reasonable time — verdict directed upon the uncorroborated testimony of a party.*

An oral extension of the time of payment of a promissory note, although indefinite, followed by actual forbearance for about two years, is a sufficient consideration to sustain the obligation of an additional maker thereof signing it at the time of such extension.

No demand is necessary as against the maker prior to the commencement of a suit upon a note payable on demand, and where the time for the payment of a promissory note is extended for a reasonable time when that time has elapsed no demand for the payment thereof is necessary before bringing an action thereon.

Where the time of payment of a loan is not specified in a contract, the law will presume that it was intended by the parties to be paid in a reasonable time, and in such case a demand before suit is not necessary, and when a surety signs a promissory note as maker, he, in this respect, is in no better position than the principal.

When, upon the trial of an action, there is no evidence as to certain facts in issue, except the testimony of a party to the action, it is not error for the court to refuse to submit the case to the jury, and to direct a verdict if there is no evidence upon which the jury has a right to determine that the testimony of such party was untrue.

APPEAL by the defendants, Frank A. Skilton and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 24th day of November, 1890, upon the verdict of a jury rendered after a trial at the Tioga Circuit, and also from an order entered in said clerk's office on the 17th day of December, 1891, denying the defendants' motion for a new trial made upon a case containing exceptions.

*E. C. Aiken,* for the appellants.

*H. Austin Clark,* for the respondent.

MERWIN, J. :

This action was brought upon a promissory note, a copy of which is as follows :

" $3,000. AUBURN, N. Y., *January* 2, 1886.

" Eighteen months after date I promise to pay to the order of Finch & Allen three thousand dollars, at the First National Bank of Auburn, value received, with use.

" FRANK A. SKILTON,<br>" HARRY I. SKILTON."

The execution of the note was admitted. It appeared however, that Harry I. did not sign it until some time after it was executed and delivered to the payees by the other maker. One of the defenses of Harry I. was that he signed for the accommodation of the other maker and without consideration. The plaintiff claimed that Harry signed the note on or about December 17, 1887, in pursuance of an arrangement between the plaintiff and Frank that the plaintiff would give time on the note if Frank would procure his brother Harry to sign it, and would release a certain privilege he (Frank) had under a mortgage given by him to the payees on the 25th of February, 1886, as collateral security to this and other notes. Whether there was such an arrangement was the main issue of fact at the trial. Upon it the jury found for the plaintiff, and the evi-

dence is sufficient to sustain that conclusion.  The extension, though indefinite, followed as it was by actual forbearance for about two years, was a sufficient consideration for the obligation of the new maker.  (*Mutual Life Ins. Co.* v. *Smith*, 23 Hun, 535 ; *Traders' Nat. Bank* v. *Parker*, 130 N. Y. 415.)

A release of the privilege referred to was given.  This is dated December 17, 1887, and was executed by Frank on March 9, 1888. The defendant Harry claims that this release operated to change the terms of the mortgage ; that it was done without his knowledge or consent, and that, therefore, he, being a surety, was discharged from liability, under the authority of *Paine* v. *Jones* (76 N. Y. 274). The mortgage was upon lands in the State of Illinois, and there was in it a provision by which the mortgagees agreed to release one or more of certain lots upon the payment of $200 for each lot. The release signed by Frank was " for the purpose of waiving such agreement for the releasing of any lot or lots until the actual sale of said lot or lots, and in case any lot is sold, the money for which said lot is sold shall go to the said Finch and Allen, and no lot to be released unless two hundred is paid thereon."

According to the evidence of the plaintiff, this release was executed in pursuance of the arrangement for time on the note, and was a part of the consideration for the extension, so that the arrangement was not complete until the release was executed.  If that was so, it cannot well be claimed by Harry that his rights as surety were affected by the release.  The case of *Paine* v. *Jones* would not apply.

Upon this line it is also suggested by the appellant Harry I. that on the 1st of January, 1888, the plaintiff took from Frank A. Skilton two notes of ninety dollars each for interest due at that date, the notes being payable in seventy-five and ninety days, and the claim is made that this was an extension of time on the interest and operated to release Harry I. from his obligation as surety.  One note was paid ; the other was not.  The time given did not exceed the extension of time to be given on the whole debt under the arrangement then pending.  No claim seems to have been made at the trial or in the pleadings that the giving of these notes for the interest affected the surety.  It is too late now to raise the question.

It is further claimed that a demand was necessary before suit.

This claim is on the theory that the extension of time was unlimited. The plaintiff testifies on this subject as follows: " Several times I was dunning him (Frank) for the pay on this note and mortgage, and he wanted time and it kept running along; finally I said, I can't give any more time without I get more security, and said he, what do you want? I said, I want Harry's name to this note, and I want a waiver of the $200 clause in the mortgage. He said he would give it. I told him all right, I would extend the time indefinitely, and he wanted I should put it six months or a year ahead, and I told him I wouldn't do it. I said, you must pay the interest semi-annually if it runs six months; he talked that he could fix it in three or four months. He said Harry would; he did not tell me to go anywhere for that purpose. He told me that he had talked with Harry about it, and that Harry would sign it. Frank and Harry were partners." This action was commenced on the 14th of December, 1889. The interest that had accrued since January 1, 1888, was not paid. Upon a note payable on demand no demand is necessary prior to the commencement of the suit as against the maker. ( *Wheeler* v. *Warner*, 47 N. Y. 519 ; *Locklin* v. *Moore*, 57 id. 362.) The extension in this case was, in effect, for a reasonable time. ( *T. N. Bank* v. *Parker*, 130 N. Y. 415, 420.) When that time had elapsed no demand was necessary, any more than upon a demand note. It has been held that where time of payment of a loan is not specified in a contract, the law will presume that it was intended by the parties to be paid in a reasonable time, and, in such cases, a demand before suit is not necessary. (*Niemeyer* v. *Brooks*, 44 Ill. 77.) The surety, having signed as maker, has, in this respect, no better position than the principal. (Brandt on Suretyship, § 82.)

It is further claimed that, " as there was no evidence on the part of plaintiff except his own, as to what was realized on foreclosure in Chicago, the court should have submitted the whole case to the jury, instead of directing them to find a verdict against Frank A. Skilton." There was, however, no evidence upon which the jury had a right to say that the plaintiff realized on the foreclosure any more than he testified he did. It is, therefore, difficult to see how any error in this respect was committed.

Our attention is called to three exceptions on questions of evidence : (1) Oral evidence of the contract or arrangement for exten-

sion made between plaintiff and Frank A. Skilton was admissible. Only a part of it was embodied in the release of December 17, 1887. (*Chapin* v. *Dobson*, 78 N. Y. 74.)   The original transaction between plaintiff and Frank under which Harry afterward signed the note could be shown, although Harry was not then present.   (2) It is not shown that the court erred in excluding proof of the contents of a letter from Mr. Guest to the plaintiff.   One of the objections was that it was immaterial.   The letter is not in the case, or any state ment of what the contents are.   We cannot, therefore, say it was material.   (3) The defendant Frank A. Skilton being on the stand as a witness for the defendants, the question was asked him : " Q. Did Mr. Finch state to you that Mrs. Guest was insolvent and wasn't worth a dollar ? "   This was objected to by plaintiff generally, and the objection was sustained.   It is not apparent that this was material.   Mrs. Guest, as the grantee of Frank A. of the mortgaged premises, had agreed to pay the mortgage, but there is no allegation in the answer that the plaintiff was ever requested to collect of Mrs. Guest.

No other questions are presented.   We fail to find any good ground for reversal.   The judgment should, therefore, be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.