83 217|
23ap264|
83 217|
43ap 31|

CORDELIA ARMSTRONG, as General Guardian and Trustee for MADELINE W. FORBES and Another, Respondent, *v.* SAMUEL WARREN, Appellant.

*Designation of a beneficiary under a life insurance policy issued by a fraternal organization — indorsement on a life insurance policy — delivery is necessary to give it vitality as a deed — chapter* 690 *of* 1892, § 238.

Where the designation of a beneficiary under the provisions of a life insurance policy issued by a fraternal organization, proceeds from the mere gift or bounty of the insured, the assent of the beneficiary to a change of payee is not necessary under the provisions of section 238 of chapter 690 of the Laws of 1892: such statute, however, subjects the right of the insured to the qualification that the change shall be made upon the consent of the society in the manner and form prescribed by its by-laws.

To give an indorsement made by an insured, since deceased, on a life insurance policy, directing the payment of the amount of the policy to a person designated therein, vitality as a deed, it is necessary that it should have been delivered to, or for the benefit of the person named in such indorsement.

APPEAL by the defendant, Samuel Warren, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 17th day of July, 1894, upon the decision of the court rendered after a trial at the Westchester Special Term adjudging that the plaintiff, as general guardian of Madeline W. Forbes and another, is entitled to the whole of a certain fund of $2,990.

*James J. Allen,* for the appellant.

*J. Mortimer Bell,* for the respondent

CULLEN, J. :

This is an appeal from a judgment of the Special Term in favor of the plaintiff. The action was originally instituted against the Royal Arcanum to recover the amount of a benefit certificate payable on the death of Horatio Forbes to his two children, Madeline and Olive. The defendant conceded its liability on the certificate, but one Samuel Warren also claimed half of the fund as guardian of Madeline W. Forbes. The fund was, therefore, paid into court and Warren substituted as defendant.

The claim of the plaintiff is based upon an indorsement made by the deceased upon the certificate in July prior to his death. This is in the form following :

" *To Sup. Sec'y S. C. R. A.:*

" I herewith surrender and return to the Supreme Council of the Royal Arcanum the within benefit certificate, No. 51,636, and direct that a new one be issued to me, payable to Cordelia Armstrong as trustee for and guardian of my children, Madeline W. and Olive H. Forbes, residing at 437 Lincoln avenue, Mt. Vernon, N. Y., related to me as sister.

" HORATIO FORBES.   [L. S.]

" Signed in presence of
     " R. M. J. ARMSTRONG."

After the death of Horatio Forbes, the execution of this indorsement was proved by the subscribing witness and the instrument recorded in the register's office of Westchester county, where the deceased resided, on January 15, 1894. The defendant Warren was appointed general guardian of Madeline W. Forbes on November 23, 1893. The first contention of the plaintiff is that the indorsement changed the beneficiary from the infants named in the certificate to herself as trustee and guardian. Had this been an ordinary insurance policy, the deceased would have had no right to dispose of it. The title to the policy would have been in the children to whom the insurance was payable. But the statute has modified this rule as to fraternal organizations. Where the designation of the beneficiary proceeds from the mere gift or bounty of the insured, his assent to a change of payee is not necessary. (§ 238, chap. 690, Laws of 1892; *Smith* v. *National Benefit Society,* 123 N. Y. 85.)

But this statute subjects this right of the insured to the qualification that the change shall be made upon the consent of the society in manner and form prescribed by its by-laws. (§ 238, *supra.*) There is no claim that the Royal Arcanum ever consented to a substitution of beneficiaries, or even had notice of the indorsement till after the decease of the insured. It follows, therefore, that there was no valid transfer of the insurance.

The second claim of the plaintiff is that the indorsement signed by the deceased constituted a valid, legal appointment of herself as guardian of the infants, and that the appointment of the defendant is superseded and void. We should be very loath to hold that this instrument, the sole intent of which was a contemplated change of the payees of the benefit certificate, could operate as a deed appointing a guardian. It is not necessary to determine the construction of this instrument. While the trial court found that the deceased duly executed this instrument, which might include a delivery, it also found, at the request of the defendant, that the certificate and indorsement remained in the possession of the deceased till his death. This latter finding must control (*Traders' Nat. Bank* v. *Parker*, 130 N. Y. 415), and in fact determines that there was no delivery of the instrument. To give the instrument vitality as a deed, it was necessary that it should have been delivered to the plaintiff, or for her benefit. (*Govin* v. *De Miranda*, 76 Hun, 418.)

The judgment appealed from should be reversed and a new trial ordered, costs to abide event.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.