85 261
13ap559

SABINA R. STRUTHERS, as Trustee, etc., of ROBERT STRUTHERS, and Others, Respondents, *v.* WILLIAM E. SMITH, Appellant.

*Discharge of a doubtful claim — a good consideration for a promise of a third person.*

The discharge by a person of a doubtful claim against another is a good consideration for the promise by a third person to pay a sum of money to secure such discharge.

APPEAL by the defendant, William E. Smith, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 26th day of November, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 26th day of November, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Lyman E. Warren*, for the appellant.

*Delos McCurdy* and *John Yard*, for the respondents.

FIRST DEPARTMENT, MARCH TERM, 1895.          [Vol. 85.

FOLLETT, J. :

This action was brought on a contract dated November 6, 1893, by which the defendant promised to pay to the plaintiffs' assignors $17,500 three years after date, with interest semi-annually at the rate of six per cent. The contract contains a provision that in case any installment of interest remains unpaid for thirty days, the entire principal sum shall then become immediately due and payable. The defendant failed to pay the interest, and this action was brought to recover the principal and interest. The sole defense interposed was that there was no consideration for the agreement.

In 1892 the American Lactose Company, a corporation, was organized under the laws of New Jersey, with an authorized capital of $250,000, divided into shares of $100 each. The defendant was the promoter of this corporation, and after its organization became a director and the president thereof, transferring to it several factories owned by him, for which he received $50,000 of the capital stock. Stephen R. Struthers was a trustee for certain persons for whose benefit he held trust funds, $18,000 of which he, without authority, invested in the shares of the corporation. The money was received by the defendant, who caused the certificates for shares to be issued to Stephen R. Struthers as trustee. Subsequently the beneficiaries under the trust discovered the misappropriation of their funds and threatened to bring an action against the corporation to recover the sums so invested, and after considerable negotiation the defendant, acting under the advice of counsel, for the purpose of avoiding an action, executed and delivered the contract on which this action was brought.

It is well settled that the discharge by A of a doubtful claim against B is a good consideration for the promise by C to pay a sum of money to secure such discharge. (*White* v. *Hoyt,* 73 N. Y. 505; *Wahl* v. *Barnum,* 116 id. 87; *Traders' Nat. Bank* v. *Parker,* 130 id. 415.)

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Judgment and order affirmed, with costs.