HOUSATONIC NATIONAL BANK, Respondent, *v.* JAMES P. FOSTER, Appellant.

*Compromise of a doubtful claim or a release of claims, a good consideration.*

The compromise of a doubtful claim is a good consideration for a contract.
A release by one person of his claims against another is a good consideration for a promissory note given by a third person.

APPEAL by the defendant, James P. Foster, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of October 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

*Edward Schenck*, for the appellant.

*L. B. Bunnell*, for the respondent.

PER CURIAM :

This action was brought to recover on a promissory note made by the defendant January 25, 1890, by which he promised to pay, two months after date, to the order of the plaintiff, $3,200. The only defense attempted to be made on the trial was that this note was a renewal of a prior note given by the defendant to plaintiff without consideration, consequently the note in suit was without consideration. The original note was given as a compromise of three acceptances drawn January 15, 1885, by Tanner & Faxon on the Fishkill Manufacturing Company for $12,200, and which purported to be accepted by said corporation. The three bills were accepted in the following form :

"Accepted, payable at 166 Fulton street, New York.
" FISHKILL M'F'G. CO.
" SIDNEY J. EVERETT
" *Treasurer.*"

Everett was not the treasurer of the Fishkill Manufacturing Company, but the secretary, and under the by-laws he had no authority to bind the company by commercial paper, and upon the trial he testified that he was not authorized by the trustees or by any one to

accept the three bills above mentioned, amounting to $12,200. The acceptances became the property of the plaintiff, went to protest, and the plaintiff threatened to bring actions on them against the drawers and acceptor. The defendant was the treasurer of the Fishkill Manufacturing Company, and, after considerable negotiation; he gave a note of which the note in suit is a renewal, and received from the plaintiff the three acceptances upon the agreement that the apparent liability of the manufacturing company was discharged. The compromise of a doubtful claim is a good consideration for a contract, and the release by the plaintiff of its claims against the manufacturing company was a good consideration for the note given by the defendant. (*White* v. *Hoyt*, 73 N. Y. 505; *Wahl* v. *Barnum*, 116 id. 87; *Mech. & Traders' Bank* v. *Parker*, 130 id. 413.)

The judgment should be affirmed, with costs.

Present — O'BRIEN, FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.