(95 Misc. Rep. 356)

### ROSITZKE v. MEYER et al.

(Supreme Court, Special Term, Westchester County.   March 15, 1916.   On Rehearing, May 31, 1916.)

1. EXECUTORS AND ADMINISTRATORS ☞460—CREDITORS—RIGHTS OF—ACCOUNTING.

   Before limitations had run against collection of a debt, the debtor died, and his executrix made partial payments, as well as paying the interest. She died, and her executor wrote the creditor, promising to make payments, and actually did pay interest. *Held*, that the creditor might compel an accounting by such executor of the representative of the estate of the original debtor, and have the personal property applied in payment of the debt, and, if that should prove insufficient, compel a sale of the real estate under the power of sale contained in the debtor's will.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1975–1985; Dec. Dig. ☞460.]

2. CONTRACTS ☞74—CONSIDERATION—INDULGENCE.

   Where the executrix of a debtor's estate wrote creditors letters and the creditors, without any definite agreement, deferred enforcement of their claims, the executrix did not become personally liable, for her letters must be deemed to have been written in her representative capacity, and a mere indulgence, without agreement for extension of time, by the creditors was not sufficient consideration for her personal promise to pay the debt.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 331–343; Dec. Dig. ☞74.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. LIMITATION OF ACTIONS ☞155(6)—RUNNING OF STATUTE—PAYMENT BY EXECUTOR.

Where an executrix made payments on a debt due from her testator, such payments operated to toll the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 628; Dec. Dig. ☞155(6).]

4. LIMITATION OF ACTIONS ☞155(6)—RUNNING OF STATUTE—PAYMENTS BY EXECUTORS.

When a debtor died, limitations had not run against enforcement of the claim, and his executrix promised to pay the same and made part payments. She then died, and her executor, before limitations, which had been tolled by her payments, had run, made further promises and part payments. *Held*, that such payments by the executor of the original executrix stopped the running of limitations on the claim, for such person was not a mere volunteer or intermeddler, and hence the creditors had six years within which to enforce their claim after payments by the last executor.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 628; Dec. Dig. ☞155(6).]

On Rehearing.

5. EXECUTORS AND ADMINISTRATORS ☞327—POWERS OF SALE—CONSTRUCTION.

Where testator directed payment of debts and gave his executrix a power of sale, proof that the personalty was insufficient to satisfy the debts is not essential to show that the power was not wholly discretionary with the executrix.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1344; Dec. Dig. ☞327.]

6. COURTS ☞472(2)—SALE OF LAND TO PAY DEBTS—JURISDICTION.

The jurisdiction of the Supreme Court and the Surrogate's Court as to accounting by executors is concurrent, but as the surrogate has no power to compel an executor to sell lands under a power of sale, the Supreme Court will take jurisdiction over a suit by creditors to compel an executor to account and sell land to satisfy their claim, though in an ordinary case the suit would not be entertained.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1204, 1213; Dec. Dig. 472(2).]

7. EXECUTORS AND ADMINISTRATORS ☞128—POWER OF EXECUTOR.

The representative of a deceased executor while bound to account for the estate in the hands of his decedent, cannot administer such estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 531, 532; Dec. Dig. ☞128.]

Action by Herman Rositzke against George William Meyer, individually and as executor of the estate of Sophie Meyer of the estate of John N. Meyer, of which she was executrix, to compel an accounting. Judgment for plaintiff.

Neu, Gilchrist & Spedick, of Brooklyn, for plaintiff.
Sydney A. Syme, of Mt. Vernon, for defendant.

YOUNG, J. The only theory upon which this action can be maintained is as an action for an accounting by George William Meyer, as executor of Sophie Meyer of the estate of John N. Meyer, of which she was the executrix. Notwithstanding considerable confusion in the allegations of the complaint, sufficient appears and is supported by the proof to sustain such an action.

[1] The evidence given upon the trial satisfactorily shows that on or about July 1, 1895, John N. Meyer borrowed $3,000 from John and Nicholas Tiedeman, residing in Germany, and gave to them a memorandum of indebtedness therefor. Subsequently in November or December, 1898, he borrowed a further sum of $900, making a total of $3,900. There seems to be no direct proof of the payment of any part of the principal or interest upon the sum borrowed by John N. Meyer during his lifetime. John N. Meyer died April 7, 1901, leaving a will, which was duly admitted to probate, by which, after directing the payment of his debts, he left his property to his wife, Sophie Meyer, and appointed her executrix, giving her power of sale of his real estate. After the death of her husband, Sophie Meyer wrote a number of letters to John and Nicholas Tiedeman, recognizing and promising to pay the debt, and at different times paid interest on account thereof. In November or December, 1904, she made a payment of $500 on account of the principal. The last payment of interest made by her was on or about January 18, 1905. Sophie Meyer died June 9, 1905, leaving a will which was duly admitted to probate, naming her son, George William Meyer, as one of her executors, and he afterwards duly qualified as such. By her will, after one or more bequests, she left her property to her son, George William Meyer, and to her daughter, Adele Dorothea Meyer. John N. Meyer left certain real property which was devised to Sophie Meyer, and the same real property was devised by her to George William Meyer and Adele Dorothea Meyer. Neither the executors of John N. Meyer or Sophie Meyer ever rendered an account, nor have they advertised for debts. After the death of Sophie Meyer, George William Meyer wrote several letters to the Tiedemans, in which he promised to make payments on account of the debt in question, and in fact did make one or more payments of interest thereon, the last payment being made by him on March 7, 1908. Under this proof the plaintiff, who is the assignor of the Tiedemans, is entitled to maintain an action to compel an accounting of the estate of John N. Meyer by the executor of the deceased representative of the estate, and to have the personal property applied in payment of the debt, and, if that be insufficient, to compel a sale of the real estate under the power of sale contained in the will. Holly v. Gibbons, 176 N. Y. 520, 68 N. E. 889, 98 Am. St. Rep. 694; Matter of Gantert, 136 N. Y. 106, 32 N. E. 551.

[2] The plaintiff's contention that the debt of John N. Meyer was personally assumed by his widow, Sophie Meyer, based upon the letters written by her, is not sustained by the evidence: First, because the evidence does not show that they were made by her individually and must be regarded as made in her capacity as executrix; and secondly, there was no consideration to support an agreement by her individually to pay the debt. The most that appears is that the creditors deferred the enforcement of their claims without any definite agreement for such forbearance. It was therefore mere indulgence on their part, which is insufficient as a consideration for an agreement by her to pay the debt. Atlantic National Bank v. Franklin, 55 N. Y. 235; Perkins v. Proud, 62 Barb.

420. This conclusion renders it unnecessary to discuss the propriety of the amendment to the complaint granted by the court on the trial.

[3] A more serious question in this case is whether the claim is not barred by the statute of limitations. As it appears from the facts above recited, the claim was not barred at the time of John N. Meyer's death, and the payments of interest and principal made by Sophie Meyer, his executrix in her lifetime, prevent the running of the statute until January 18, 1911. Holly v. Gibbons, supra.

[4] At the time of Sophie Meyer's death on January 9, 1905, the claim had not yet been barred, and the question which is now presented is whether the payment of interest on the claim made by George William Meyer on March 7, 1908, and his written promise to pay the debt, prevented the running of the statute until six years from that date, or March 7, 1914. This action was begun April 5, 1912. Upon Sophie Meyer's death and the appointment of George William Meyer as her executor, any creditor of John N. Meyer had an immediate right to compel her executor to account for the estate of John N. Meyer, of which she was executrix. The six-year statute of limitations applies to such a right of action, for the reason that it is analogous to an action at law to recover a demand that is due. Matter of Rogers' Estate, 153 N. Y. 316, 47 N. E. 589. But, as we have seen, a payment made by an executor upon a claim against his decedent, not barred at the time of decedent's death, prevents the running of the statute. Holly v. Gibbons, supra. The rule that a proceeding by a legatee to compel executors to account must be commenced within six years after the expiration of one year after the granting of letters testamentary is subject to the exception that the running of the statute of limitations may be intercepted by the act of the executor, and payments by the executor, the same as payments upon a debt by an individual, would bring the case within the exception. Matter of Campbell's Estate, 21 Misc. Rep. 133, 137, 47 N. Y. Supp. 29. As the plaintiff had a right of action against the executor of Sophie Meyer to compel him to account for Sophie Meyer as executor of John N. Meyer, any payment made by George William Meyer on account of the debt or interest would have the same effect as though Sophie Meyer were alive and had made the payment herself. To state the principle more concisely, it seems to me that, broadly speaking, where a right of action exists against a person in a representative capacity, that person may prevent the running of the statute of limitations in the same manner and by the same means as a person acting individually. Payment of interest and a written promise by an individual to pay a debt are well-recognized means to accomplish such a result. The payments of interest by George William Meyer and his written promises to pay the debt, thus prevented the bar of the statute until six years after his last payment on March 7, 1908. In making these payments he was not a mere volunteer or a stranger to the transaction. As executor of Sophie Meyer, a cause of action against him as such then existed in favor of plaintiff's assignors. He was therefore merely performing a legal duty and obligation to make such payments and prevent a suit therefor.

I am of opinion therefore that this action, commenced on April 5, 1912, was seasonably begun. The plaintiff should therefore have judgment in accordance with this opinion, with costs.

## On Rehearing.

After carefully reconsidering the questions presented upon the reargument in this case, and the authorities presented by counsel, I see no reason to alter the conclusion at which I originally arrived. The foundation upon which this action rests is concededly an honest debt due plaintiff's assignors, and the only serious defense presented is the statute of limitations.

Defendant's counsel urges three reasons why this action cannot be maintained: (1) That the power of sale in the will of John N. Meyer is discretionary, and cannot be exercised by Sophie Meyer's executors, nor by a trustee appointed by the court, nor its exercise decreed in an action by a general creditor. (2) That this court will not entertain jurisdiction of an action for an accounting only of which the Surrogate's Court has complete jurisdiction. (3) That the payments and written promises of George W. Meyer were ineffective to prevent the running of the statute—First, because made by him personally and not as executor; and, second, because as he had no authority to administer John N. Meyer's estate, he was powerless to make such payments from estate funds, and any unauthorized payments by him could not remove the bar of the statute.

[5] 1. I see no reason to change my determination as to the power of sale. In my opinion it is imperative. I have examined numerous authorities, including many not cited upon the briefs, and I find none where the will construed was like that of John N. Meyer. It seems to me that where, as in this case, there is a direction in the will to pay debts, coupled with a power of sale in the executrix, who is also the sole devisee and legatee, effect must be given both to the direction to pay debts and the power of sale. No power of sale was necessary or requisite in order to vest in Sophie Meyer, the sole devisee, the full beneficial enjoyment of the estate. Unless therefore it had relation to the payment of debts by the executrix, it was idle and meaningless. No such result should be reached by construction. On the contrary, the will should be construed as a whole so as to give effect to all of its provisions. It was competent for the testator to devote the proceeds of sales of the real estate to the payment of debts, if he so desired, and the language of the will is appropriate to that end. I do not deem that it was incumbent upon the plaintiff to show an insufficiency of personalty for the payment of debts. While such proof might tend to strengthen the conclusion I have reached, it becomes unnecessary where the language of the will is clear and unambiguous and the purpose and intention of the testator can be clearly gathered from its provisions.

[6] 2. The jurisdiction of this court and of the Surrogate's Court, as to accounting by executors is concurrent, and ordinarily this court will not entertain jurisdiction except where special circumstances require its exercise in order to afford complete relief. In my opinion

such special circumstances exist in this case: First, because the Surrogate's Court cannot compel the exercise of the power of sale; and, second, irrespective of that question, the surrogate would have no jurisdiction in an accounting proceeding to try or determine the validity of plaintiff's claim. Matter of Gall, 182 N. Y. 270, 278, 74 N. E. 875; Clark v. Hyland, 88 App. Div. 392, 84 N. Y. Supp. 640.

[7] 3. The question as to the effect of the payments and written promises to pay, made by George W. Meyer as executor of Sophie Meyer, and of his authority to make them, upon the statute of limitations is one of considerable difficulty, but the doubt, in my opinion, should be resolved in favor of the plaintiff. While it is true that at the time these payments were made the executor could not administer John N. Meyer's estate, but could only be required to account and pay the fund over to the representative of his estate appointed by the Surrogate's Court, I do not think that this is conclusive against his right to so act as to prevent the running of the statute. I still think that where the right of action for an accounting was against him as executor, he could, so far as the question of the statute of limitations is concerned, prevent its bar by making the payments and the written promises, which he did. At the time such payments were made the statute had not run. They were made to one clearly entitled to such payments from the funds of the estate. If he had paid the entire claim at that time, it is inconceivable as a principle of law or equity that the legatees and devisees entitled to the estate could have prevented its allowance. But that is the logical effect of defendant's contention. These payments were not made by him personally, but as executor from the funds of the estate, as the letters in evidence clearly show. He was under a duty and obligation to account for John N. Meyer's estate. Under the statute as it then existed, he could only be compelled to pay the fund into court or to Sophie Meyer's successor, but if in order to prevent or delay legal action, he chose to make payments on account, and written promises to pay, to one who would be ultimately entitled to share in the estate, he will not be heard to assert that such payments and promises were unauthorized, nor permitted to interpose the statute as a bar.